OPINION OF THE COURT
Dominic R. Massaro, J.
The defendant is charged with burglary in the second degree (Penal Law § 140.25) and criminal possession of stolen *734 property in the third degree (Penal Law § 165.40). Specifically, he is charged, with a confederate, of unlawfully entering a dwelling and stealing property therein.
Upon the trial of the action, the People sought to introduce into evidence a tape recording of two telephone conversations wherein a witness to the burglary while in progress reported it to a "911 operator”. Although it is conceded that the conversations are hearsay, the People urge admission under three exceptions to the traditional rule, namely, the business records exception, the excited utterances exception, and the present sense impression exception.
Initially, this court finds that the admission of the tapes cannot be predicated upon the business records exception. In order for an out-of-court hearsay statement to be admitted as a business record, it must be demonstrated that the declarant was under a duty to report the occurrence to the entrant (People v Wilson, 123 AD2d 457 [2d Dept 1986]; Cover v Cohen, 61 NY2d 261). In the instant case, the declarant was a citizen witness who had no such duty to report the incident.
This court further finds that the tapes cannot be admitted under the excited utterances exception to the hearsay rule. Under such exception, the criteria for admissibility are the existence of an exciting event and the declaration being prompted thereby without time to reflect. The test is whether the declarant was so influenced by the excitement and shock of the event that it is probable that he or she spoke compulsively and without reflection rather than reflectively and with deliberation (People v Caviness, 38 NY2d 227). In the instant case, the court listened to the tapes in camera and determined, from the tone and tenor of the declarant’s voice, that the statements were not the product of excitement or shock. Indeed, the declarant’s verbal demeanor indicated a dispassionate and deliberate narration of the events as they were unfolding.
PRESENT SENSE IMPRESSION
In view of the inadmissibility of the tapes under the excited utterances and business records exceptions to the hearsay rule, this court now turns its attention to present sense impression, a newly evolving exception to the hearsay rule in New York State.
Present sense impression has its origins in what is known as the "res gestae” exception to the hearsay rule. In recent *735 years, the term "res gestae” has come into disfavor for its imprecision (McCormick, Evidence § 288 [3d ed 1984]). "Res gestae” does, however, encompass four distinct exceptions to the hearsay rule: (1) statements of present bodily condition, (2) statements of present mental states and emotions, (3) excited utterances, and (4) statements of present sense impression.
The latter exception with which we are concerned is defined in rule 803 (1) of. the Federal Rules of Evidence as "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.”
The present sense impression concept is neither new nor novel. Its roots lie deep within the common law, though it is often obscured by the practice of courts in an earlier day to admit such evidence "as part of the res gestae” neither specifying the particular exception nor detailing the underlying theories of reliability that justify the admission of such evidence.
The first thorough analysis of present sense impressions by an American was that of James Bradley Thayer. Thayer was satisfied, on the basis of his research, that "this sort of exception to the hearsay rule has always existed, [but] it has never been well worked out” (Thayer, Bedingfield’s Case-Declarations as Part of Res Gesta, 15 Am L Rev 71, 82). He opined that there existed an exception for "statements, oral or written, made by those present when a thing took place, made about it, and importing what is present at the very time” (Thayer, op. cit, at 83).
While Thayer felt that the present sense impression exception was justifiable, his student, John Henry Wigmore, argued that contemporaneousness of event and descriptive statement, without more, was an insufficient guarantor of trustworthiness (6 Wigmore, Evidence § 1747, at 195-198 [Chadbourn rev 1976]). As a result of Wigmore’s nonacceptance of the present sense impression exception, "the American law of spontaneous statements shifted emphasis from what Thayer had observed to a requirement of an exciting event and a resulting stilling of the declarant’s reflective faculties” (McCormick, Evidence § 298, at 860 [3d ed 1984]).
Edmund Morgan, another distinguished student of Thayer, subsequently attempted to revive the formulation of the present sense impression exception to the hearsay rule (Morgan, A Suggested Classification of Utterances Admissible as Res Ges *736 tae, 31 Yale LJ 229, 236 [1922]). Although statements of present sense impression "lack whatever assurance of reliability there is in the effect of an exciting event, other factors offer safeguards. First, since the report concerns observations being made at the time of the statement it is safe from any error caused by a defect of the declarant’s memory. Second, a requirement that the statement be made contemporaneously with the observation means that there will be little or no time for calculated misstatement. Third, the statement will usually have been made to a third person (the witness who subsequently testifies to it) who, being present at the time and scene of the observation, will probably have an opportunity to observe the situation himself and thus provide a check on the accuracy of the declarant’s statement, i.e. furnish corroboration” (McCormick, Evidence, at 860 [3d ed]).
Some commentators, including Wigmore, have found greater reliability in excited utterances than in present sense impressions. Wigmore’s rationale lies in the belief that nervous excitement tends to suspend the declarant’s powers of reflection and fabrication.
Paradoxically, present sense impressions are said to draw reliability from the fact that the statement was not caused by excitement. "These statements are found to be exceptionally trustworthy because the fact that they are simultaneous with the event eradicates possible memory deficiencies and fabrication * * * The exception is thought to be most appropriate when the declaration in question is made before the declarant is aware that something startling would happen, so that the distortion brought on by excitement would be avoided” (United States v Narciso, 446 F Supp 252, 285).
CORROBORATION
At least 28 States recognize the present sense impression exception to the hearsay rule in their codified evidence codes, most of which have been patterned after the Federal Rules of Evidence. While New York has not yet codified the exception, it is contained in the Proposed New York Code of Evidence (1980 ed) as § 803 (1), which is identical to the same numbered section of the Federal Rules of Evidence.
A major point of controversy with respect to present sense impressions is the question of whether the statement requires corroboration by an equally percipient witness who was present at the time and place that the statement was uttered. *737 Many courts have considered this issue and some have determined such corroboration to be necessary (see, Commonwealth v Blackwell, 343 Pa Super 201, 494 A2d 426 [1985]; Jones v State, 65 Md App 121, 499 A2d 511 [1985]; Hewitt v Grand Trunk W. R. R. Co., 123 Mich App 309, 333 NW2d 264 [1983]; State v Case, 100 NM 714, 676 P2d 241 [1984]), while others have dispensed with such requirement (see, Booth v State, 306 Md 313, 508 A2d 976 [1986]; Duke v American Olean Tile Co., 155 Mich App 555, 400 NW2d 677 [1986]; State v Flesher, 286 NW2d 215 [Iowa 1979]; People v Slaton, 135 Mich App 328, 354 NW2d 326 [1984]; State v Rendon, 148 Ariz 524 [App], 715 P2d 777 [1986]; Commonwealth v Coleman, 458 Pa 112, 326 A2d 387 [1974]).
Prior to enactment of rule 803 (1) of the Federal Rules of Evidence, the Advisory Committee made reference to Houston Oxygen Co. v Davis (139 Tex 1, 161 SW2d 474), wherein the court stated as one of several reasons supporting admissibility of present sense impressions, the fact that the statement "will usually be made to another * * * who would have equal opportunities to observe and hence to check a misstatement” (Houston Oxygen Co. v Davis, supra, 139 Tex, at 6, 161 SW2d, at 477).
This reference by the Advisory Committee (Advisory Committee Note, Fed Rules Evid, rule 803 [1], in 28 USCS Appendix, at 526 et seq.) has generally not been interpreted by the Federal courts as an absolute requirement of corroboration. One court that has required some form of corroboration is the Seventh Circuit. In United States v Blakey (607 F2d 779 [7th Cir 1979]), the court rejected the notion that there must be corroboration by witnesses who were in the same position to observe the described event as the declarant. Rather, the court stated (supra, at 785), that "it is only necessary that the witnesses be able to corroborate the declarant’s statement.” Commentators have speculated that what the court meant by this was that there must only be corroborating evidence that the statement was, in fact, made (Waltz, The Present Sense Impression Exception to the Rule Against Hearsay: Origins and Attributes, 66 Iowa L Rev 869, 885). This inference "is reinforced by the court’s immediately ensuing comment that in Blakey the importance of such evidence was 'somewhat reduced’ since the declarant’s statement had been tape recorded” (Waltz, op. cit., at 885). Similarly, such is the situation in the instant case, where the declarations consist entirely of 911 tape recordings.
*738 In United States v Medico (557 F2d 309 [2d Cir 1977]), certain evidence was admitted at trial by Judge Jack Weinstein under rule 804 (b) (5) as necessary and reliable. The Second Circuit affirmed, and stated, in dicta (supra, at 315), that the testimony also meets all of the specific requirements for admission under rule 803 (1) as a present sense impression, despite the fact that there was no direct corroboration by an equally percipient witness. Thus, the Second Circuit has impliedly rejected a requirement of corroboration.
This court notes that neither the Federal rule nor the proposed New York rule expressly imposes a requirement of corroboration. Moreover, no other exception to the hearsay rule, other than the one dealing with declarations against penal interest, requires corroboration. And, Federal rule 804 (b) (3), dealing with declarations against penal interest, imposes an explicit corroboration requirement. It would seem reasonable and probable, therefore, that if the drafters of the Federal rules had wanted corroboration to be a requirement in all cases concerning present sense impressions, they would have specifically stated such requirement in rule 803 (1).
RELIABILITY
Thayer justified the use of present sense impressions by finding great reliability in both the contemporaneousness of the statement and in the fact that the witness on the stand could be tested as to the perceptual accuracy of the statement. However, Thayer did not insist upon actual visual perception of the event by the person testifying to it. Rather, he just sought some degree of corroboration, in essence some external guarantor of the absent declarant’s reliability as reporter of the facts relating to the event that happened.
Waltz, in 66 Iowa Law Review 869, at page 898, states that "Thayer believed in the pebble-in-the-pond principle. Every consequential act, like the stone thrown into water, produces ripples which extend outward after the stone has sunk from sight. These are the 'fresh indications’ of the event to which Thayer repeatedly referred in sketching the content of anticipated corroboration. Instead of referring to 'fresh indications’, today we might speak of surrounding circumstances as did the Federal Rules Advisory Committee.”
In the instant case, the surrounding circumstances are such *739 that present sense impression has a great deal of reliability. First, the declarant called the "911 operator” not once, but twice, to give a continuing account of the events and to inquire as to the arrival of the police. Second, her identity was known to the prosecution. Third, when the police officers arrived at the scene within minutes, they observed and perceived (1) a broken window; (2) the declarant pointing at the defendants from her window; (3) other bystanders pointing at them as well; and (4) the fact that the perpetrators, having just completed the burglary, were seen by the officers carrying with them the proceeds of the crime.
The courts of New York have considered the corroboration issue only once. In People v Watson (109 Misc 2d 71, revel 100 AD2d 452 [2d Dept 1984]), a homicide prosecution, the trial court admitted into evidence, for the purpose of proving the identity of the accused as perpetrator of the crime, testimony regarding a telephone conversation that the witness had with the murder victim. The Appellate Division, Second Department, reversed, stating that the testimony did not come within the present sense impression because the witness was not present to observe the event described by the victim and there were no other indicia of the statement’s reliability.
The question presented here, and what the Second Department decision leaves open, is whether a telephone conversation can ever supply an indicia of reliability sufficient to support an inference that what was reported by the declarant reflected the sense of what confronted him. This court is of the opinion that it can.
The challenge is to fashion a rule which recognizes the jury’s right to assess the evidence and ascertain the facts of the case while at the same time measures the risk of unfair prejudice. While it is acknowledged that no matter where the line is drawn some risk may flow, the law is not without recognition that balancing the public safety sometimes requires that risk be taken.
Plentiful additional indicia of reliability is extant here to minimize said risk and admit the tapes. The contention that corroboration by an equally percipient witness is a necessary prerequisite to admissibility of a statement of present sense impression is rejected, and, by extension, the Watson limitation, in the circumstances at bar, found inapplicable.