OPINION OF THE COURT
Hancock, Jr., J.
 In defendant’s trial on burglary and other charges, recordings of two 911 transmissions describing the events in progress were received in evidence against him. His appeal presents a question of first impression in our Court: whether such evidence may properly be admitted under the present sense impression exception to the hearsay rule. For reasons to be explained, we hold that the present sense impression exception is the law in this State and that it was properly applied by the courts below in holding the evidence admissible. Accordingly, the order should be affirmed.
I
Defendant was indicted, tried and convicted after a jury trial for third degree burglary and other crimes in connection with a break-in at a restaurant in the Bronx. The trial evidence, as summarized by Supreme Court in denying defendant’s motion to set aside the jury verdict (People v Brown, 148 Misc 2d 70), was that at about 6:00 a.m. on July 12, 1987, the police received a 911 call reporting a burglary in progress. The caller, who identified himself as "Henry”, said that he was observing the break-in from his apartment across the street. He described the perpetrators as "one male black and one male white, wearing a blue t-shirt” (id., at 71). The police, responding to the reported burglary approximately three minutes after the initial 911 transmission, observed two persons run out of the restaurant through a broken glass door and climb up on the roof. One of the officers apprehended a "male black, later identified as defendant, Michael Brown, hiding underneath an air-conditioning duct located on the roof’ (id., at 71-72).
Police communications received another 911 call from *732 "Henry” reporting "that one man had been caught but 'the white guy [was still] on the roof ” and "that police backup was needed to catch him” (id., at 72). The other suspect, a white male, was found on the roof and arrested. He was wearing a blue t-shirt.
Over defendant’s objection, the tape recordings of the 911 transmissions were received in evidence and played for the jury. It was stipulated that the name and telephone number given by the 911 caller in the transmissions were not correct. After the jury verdict convicting defendant of burglary in third degree, criminal mischief in the third degree and resisting arrest, Supreme Court denied defendant’s motion to set aside the verdict.
In its written decision (People v Brown, 148 Misc 2d 70, supra), Supreme Court concluded that the present sense impression exception was applicable in New York and that the 911 recordings were admissible inasmuch as they were contemporaneous reports of events then being observed by the caller. It also held that corroboration was not a prerequisite for admission but that the testimony of the police officers who arrived on the scene shortly after the first transmission furnished corroboration, in any event. The court did not find it a bar to admission that the declarant was not identified by name or a participant in events observed.
The Appellate Division affirmed unanimously, citing People v Luke (136 Misc 2d 733, affd 147 AD2d 990) and holding that the recordings were properly admitted since "the reliability of the present sense impression, evidenced by the '911’ tape recording, was confirmed by the eyewitness observations of police officers, who arrived at the crime scene within moments of the first '911’ call” (People v Brown, 179 AD2d 485, 486). A Judge of this Court granted leave to appeal.
II
As generally stated, the present sense impression exception permits a court to admit hearsay testimony of a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter (see, e.g., Fed Rules Evid, rule 803 [1]; Proposed NY Code of Evidence § 804 [b] [1] [1982]).[1] The theory of *733 the exception is that a statement describing an event when or immediately after it occurs is reliable because the contemporaneity of the event observed and the hearsay statement describing it leaves no time for reflection. Thus, the likelihood of deliberate misrepresentation or faulty recollection is eliminated (see, Comment of NY Law Rev Commn, reprinted in Proposed NY Code of Evidence § 804, at 211-212 [1982]; 4 Weinstein and Berger, Weinstein’s Evidence, ¶ 803 [1] [01]). Moreover, such statements are often made under circumstances where some witness has an opportunity to observe and verify all or part of the event described (see, Comment of NY Law Rev Commn, op. cit., at 211-212 [1982]; 4 Weinstein and Berger, op. cit, ¶ 803 [1] [01]).
"[T]here is no intent to preclude judicial development of the present sense impression exception under this section if the judiciary deems it desirable to do so. See People v. Watson, 100 A.D.2d 452, 474 N.Y.S.2d 978 (2d Dept 1984); People v. Luke, 136 Misc. 2d 733, 519 N.Y.S.2d 316 (Sup. Ct., Bx. Co. 1987). A statement of present sense impression is not admissible under the excited utterance exception because that statement is not a spontaneous and unreflective response to a startling event. See People v Brown, 70 N.Y.2d 513, 519, 522 N.Y.S.2d 837, 840 (1987). However, there may be other reasons why present sense impression, as a category, would be as trustworthy as an excited utterance. Thus, the failure to satisfy the requirements for excited utterance does not mean that a present sense impression has been determined unreliable.”
Our Court has not adopted the exception and, until the opinions of the courts below in this case, only three New York courts have discussed the issue in reported decisions (see, People v Watson, 100 AD2d 452; People v Luke, supra; People v Jardin, 154 Misc 2d 172).[2] The rule, however, has been accepted in some form by the majority of States[3] and has now *734 been widely approved by legal commentators (see, e.g., 4 Weinstein and Berger, op. cit, ¶ 803 [1] [01]; Waltz, The Present Sense Impression Exception to the Rule Against Hearsay: Origins and Attributes, 66 Iowa L Rev 869 [1981]; Wohlsen, The Present Sense Impression Exception to the Hearsay Rule: Federal Rule of Evidence 803 (1), 81 Dick L Rev 347 [1977]; Richardson, Evidence § 285-A, at 125-126 [Prince 10th ed, 1972-1985 Cum Supp]; McCormick, Evidence § 298, at 860 [3d ed]). A notable exception to this general acceptance by legal scholars is the contrary view of Dean Wigmore (see, 6 Wigmore, Evidence § 1757, at 236-240 [Chadbourn rev ed 1976]). Dean Wigmore, a proponent of the excited utterance doctrine, opposed the present sense impression rule because, in his view, only a startling event would guarantee trustworthiness; spontaneity and contemporaneity of the declaration, without the shock or excitement from the event, are not sufficient (id., § 1757, at 238; see also, Wohlsen, op. cit., at 351). Defendant notes that this Court, in developing its excited utterance exception to the hearsay rule, has accepted Dean Wigmore’s analysis (see, e.g., People v Brown, 70 NY2d 513, 518; People v Marks, 6 NY2d 67, 71-72). He argues, therefore, that to be consistent we should follow Wigmore in rejecting the present sense impression exception upon the ground that spontaneity and contemporaneity, without stress of nervous excitement, do not produce the requisite reliability (see, People v Marks, supra, at 71-72).
The argument is not persuasive. Simply because we have adhered to Dean Wigmore’s analysis of the excited utterance exception does not mean that we must endorse his views on other matters. We agree with Professor McCormick and other commentators that shock and excitement from a sudden occurrence should not be the only criteria of admissibility and that a present sense impression exception rule may be devised with sufficient safeguards to assure reliability (see, McCormick, op. cit., § 298, at 860; Wohlsen, op. cit., at 351; Morgan, A Suggested Classification of Utterances Admissible as Res Gestae, 31 Yale LJ 229, 236 [1922]). Accordingly, we hold that spontaneous descriptions of events made substantially contemporaneously with the observations are admissible if the descriptions are sufficiently corroborated by other evidence. Further, such statements may be admitted even though the *735 declarant is not a participant in the events and is an unidentified bystander (see, 4 Weinstein and Berger, op. cit., ¶ 803 [1] [01], at 803-77).
The remaining questions concern the nature and extent of the corroboration required to assure reliability. To be sure, some textual versions of the present sense impression exception rule require no corroboration at all (see, e.g., Fed Rules Evid, rule 803 [1]; Proposed NY Code of Evidence § 804 [b] [1] [1982] ; Model Code of Evidence, rule 512 [a] [1942]; State v Flesher, 286 NW2d 215, 218 [Iowa 1979] [holding that corroboration, or the lack of it, will affect the weight given to the declaration but not its admissibility]). The proponents of this view maintain that the exception itself "offers sufficient assurances of reliability without the superaddition of a further requirement of corroboration” (McCormick, op. cit, § 298, at 862).
Defendant argues that if we are to adopt the present sense impression exception in any form it must be with the strictest corroboration rule — i.e., requiring corroboration at trial by an "equally percipient witness”, a witness at the scene who had an equal opportunity to perceive the event and who will be subject to cross-examination as to the accuracy of the declarant’s statement. This was the view, defendant notes, of Professor Thayer who was the original advocate of the exception[4] and is currently embraced by some courts (see, e.g., State v Case, 100 NM 714, 676 P2d 241, 245 [1984]; Hewitt v Grand Trunk W. R. R., 123 Mich App 309, 333 NW2d 264, 267 [1983] ; see also, Waltz, op. cit., at 891-893). If corroboration by an "equally percipient witness” were required in this case, defendant properly points out, the 911 tape should not have been admitted. The police who testified to the conditions and events at the scene were not present when the calls were made and could not have observed the events at the precise moment that they were being described by the 911 caller.
Some courts have adopted a middle ground, rejecting the stringent "equally percipient witness” rule but requiring some corroboration (see, e.g., Commonwealth v Blackwell, 343 Pa Super 201, 494 A2d 426, 434-435 [1985] [victim’s statements to police over phone not within present sense exception because police unable to hear any corroborating noise in background]; Booth v State, 306 Md 313, 508 A2d 976, supra [1986] [noises *736 heard by witness in background over telephone provided sufficient corroboration of contemporaneity of declarant’s statement]; cf., People v Watson, 100 AD2d 452, 464-466).
We decline to adopt the “equally percipient witness” limitation on the present sense impression exception rule as urged by defendant. Insisting that the declarant’s descriptions of the events must be corroborated in court by a witness who was present with the declarant and who observed the very same events would deprive the exception of most, if not all, of its usefulness. If such an eyewitness is available to testify to the events, there is certainly no pressing need for the hearsay testimony. And excluding the statement of the declarant in all cases when such eyewitness is not available may bar the fact finder from hearing relevant testimony that is perfectly reliable. Nor do we agree with defendant that, at a minimum, there must be a corroborating witness who — although not necessarily percipient of all that declarant observed — did at least simultaneously see or hear some aspect of it (see, e.g., Commonwealth v Coleman, 458 Pa 112, 326 A2d 387 [1974]). We see no reason why the contemporaneity of the declaration with the events as well as the accuracy of the declarant’s description cannot be corroborated by other means.
We do, however, decline to adopt the People’s argument that no corroboration should be required. The admission of a hearsay statement under any exception deprives the defendant of the right to test the accuracy and trustworthiness of the statement by cross-examination. The defendant’s only protection against the admission of fabricated testimony or unfounded rumor is that there be sufficient safeguards to assure the statement’s reliability (see, 5 Wigmore, op. cit., § 1422; Richardson, op. cit., § 206 [Prince 10th ed]). With the excited utterance exception, this assurance is found in the fact that the statement is made under the stress of nervous excitement from the event and before there has been time to contrive and misrepresent (see, People v Brown, 70 NY2d 513, 518, supra). We think that when statements are admitted under the present sense exception without the assurance of reliability that excitement affords, it is reasonable and prudent to require some additional indicia of reliability.
In this case, the testimony of the police officers who arrived at the restaurant shortly after the first call and who apprehended two suspects fitting the description of “one male black and one male white, wearing a blue t-shirt” given by the *737 caller "Henry” was sufficient corroboration. The police observed what the 911 caller had described only moments before. The suspects were seen running out of the restaurant through the broken glass door and seeking refuge on the roof, lending credence to the report that there was a burglary in progress. That the circumstances and events at the scene were still very much as described by "Henry” corroborates what seems evident from the calls themselves — that "Henry’s” reports were spontaneous and made contemporaneously with the events described.
What corroboration is sufficient will depend on the particular circumstances of each case and must be left largely to the sound discretion of the trial court. But before present sense impression testimony is received there must be some evidence in addition to the statements themselves to assure the court that the statements sought to be admitted were made spontaneously and contemporaneously with the events described.
Accordingly, the order of the Appellate Division should be affirmed.
Acting Chief Judge Simons and Judges Titone, Bellacosa and Weiss* concur; Judges Kaye and Smith taking no part.
Order affirmed.

. The 1982 proposed New York rule is identical to the Federal rule except that under the New York rule the declarant must be unavailable as *733 a witness. Although the 1991 draft of the Proposed NY Code omits the present sense exception, the comment under section 806 of the 1991 draft states:

. Luke (supra) is the only case in which the court both discussed the present sense impression exception and admitted hearsay testimony under the rule. The Court in Watson (supra) also discussed the exception but did not admit the contested hearsay testimony. Other courts have cursorily mentioned the present sense exception, but have declined to admit evidence under the rule (see, People v Smith, 162 AD2d 736; Loschiavo v Port Auth., 86 AD2d 624, 625, affd on other grounds 58 NY2d 1040; People v Jardin, 154 Misc 2d 172; People v Nalty, 141 Misc 2d 90; People v Selassie, 140 Misc 2d 616; but see, People v Kern, 149 AD2d 187, 237-238 [error, if any, of trial court in admitting 911 tape under present sense exception was harmless]).

. In 1986, at least 28 States had passed legislation codifying the present *734 sense impression exception (see, Booth v State, 306 Md 313, 321, 508 A2d 976, 979 [1986]).

. Thayer, Bedingfield’s Case — Declarations as a Part of the Res Gesta, 15 Am L Rev 71, 83-107 (1881).

Designated pursuant to NY Constitution, article VI, § 2.