OPINION OF THE COURT
David Friedman, J.
On May 18, 1993 Victor R allegedly went to the home of his former girlfriend, Dawn Alexander, and fired two shots through the door from a .38 caliber revolver. Before trial of this charge commenced, the People advised the court that they were in possession of a 911 tape which they wished to introduce into evidence as an exception to the hearsay rule either as an excited utterance or a present sense impression.
The tape contained a conversation between the 911 operator and Alexander. In this conversation, Alexander, in what seems to be an excited and stressful tone, tells the police operator that someone is shooting through her door and then repeatedly states "Vic put it down”, apparently telling defendant, Victor R., to put down his gun. After listening to the tape, I conducted a hearing out of the presence of the jury to ascertain the circumstances under which the tape was made. At such hearing Alexander testified that she was excited and scared at the time she made the statement. The statement thus seemed admissible as an excited utterance. The statement also appeared to meet the criteria for admission as a present sense impression under the principles enunciated in People v Brown (80 NY2d 729). The issue that remained, however, was whether the presence in court of the declarant, Alexander, precluded admission of the statement under either *214 exception to the hearsay rule. The defendant contended that Alexander’s presence in court eliminated the need to utilize either exception and that the tape was, therefore, inadmissible as hearsay.
The excited utterance exception to the hearsay rule is a long-standing and firmly rooted one and its use does not depend upon a showing that the declarant is unavailable to testify in court (White v Illinois, 502 US 346, 112 S Ct 736; People v Cook, 159 Misc 2d 430; but see, People v Grant, 113 AD2d 311). In fact, the presence of the declarant in court is recognized as providing an added basis for permitting the admission of the excited utterance. This very point was highlighted by People v Caviness (38 NY2d 227, 232), where the Court in admitting a statement as an excited utterance stated that "although not essential for admissibility, there [is] an added assurance of reliability since the proof of the declaration [is] by the declarant who, in taking the stand, [is] subject to cross-examination.” Hence, there can be no question that a declarant’s presence at trial does not make an otherwise admissible excited utterance inadmissible. I therefore concluded that at a minimum, the tape of Alexander’s 911 call was admissible as an excited utterance.
The issue of its admissibility as a present sense impression is more complex. Initially, it seemed that the declarant’s presence should preclude its admission. Upon reconsideration, however, I am of the view that the statement is also admissible as a present sense impression.
The present sense impression exception to the hearsay rule only recently (Feb. 1993) received the approval of this State’s highest Court in People v Brown (supra). Brown involved two 911 calls in which a caller identified only as Henry reported seeing a break-in at a restaurant and gave descriptions of the perpetrators. The defendant in Brown contended that the tapes should be inadmissible unless they were corroborated by a witness who perceived the event and would be subject to cross-examination as to the accuracy of the declarant’s statement. In approving the present sense impression exception to the hearsay rule, the Court stated (at 734-736):
"[W]e hold that spontaneous descriptions of events made substantially contemporaneously with the observations are admissible if the descriptions are sufficiently corroborated by other evidence. Further, such statements may be admitted *215 even though the declarant is not a participant in the events and is an unidentified bystander (see, 4 Weinstein and Berger, op. cit., ][ 803 [1] [01], at 803-77) * * *
"Insisting that the declarant’s descriptions of the events must be corroborated in court by a witness who was present with the declarant and who observed the very same events would deprive the exception of most, if not all, of its usefulness. If such an eyewitness is available to testify to the events, there is certainly no pressing need for hearsay testimony.”
Defendant, at bar, attaching himself to this last aspect of the quote from Brown (supra) argues that a statement is not admissible as a present sense impression where the declarant is in court because there is then "no pressing need for the hearsay testimony”, i.e., there is no need for the 911 tape made by Alexander when she is present in court and ready to testify about the event.
In my view Brown (supra) never adopted a rule prohibiting the present sense exception where the declarant is present in court.[2] Rather, its concern was limited to the reliability of such evidence and what, if any, corroboration is necessary. Under circumstances such as those presented here, the indicia of reliability are strong and there is unequivocal corroboration.
At the outset it must be recognized by a parity of reasoning with the excited utterance exception that the presence in court of the declarant subject to cross-examination enhances the reliability and trustworthiness of such tape evidence over a situation where a tape is played and the declarant is not subject to cross-examination (cf., People v Caviness, supra; People v Kulakowski, 135 AD2d 1119).
More significantly, White v Illinois (supra), in discussing the excited utterance exception, noted that the out-of-court statement has an evidentiary value independent of the declarant’s live testimony in that the excited circumstances of the statement cannot be recaptured in the relative calm of the courtroom. Comparative analysis dictates that a tape recording of a present sense impression (here a 911 tape) made while the declarant is perceiving the event likewise has an evidentiary *216 value independent of the declarant’s testimony.[3] In fact, this value is traceable to the theory underlying the exception to the hearsay rule. That is, and as noted in Brown, since the statement of a present sense impression is made substantially contemporaneously with the event being described, the likelihood of deliberate misrepresentation or faulty recollection is diminished if not eliminated (supra, 80 NY2d, at 733). Furthermore, since the tape was made while the event was occurring, it provides the trier of fact with superior ability to ascertain the temporal aspect of the event. Finally, the circumstance that the proponent of the recorded statement calls the declarant as a witness thereby submitting the declarant to cross-examination about the statement provides an added reason to admit the statement and certainly not one to exclude it.[4]

. Although the Appellate Division in People v Kern (149 AD2d 187, 237-238) (a decision which predates People v Brown, supra) discussed the issue, it left the matter open.

. This conclusion would similarly be harmonious with Federal Rules of Evidence, rule 803 (1) which provides that the declarant’s availability is immaterial for purposes of admission of a present sense impression (see also, United States v Campbell, 782 F Supp 1258 [ND Ill] [declarant’s 911 call]).

. To be distinguished is a situation where a statement is offered and the declarant is available but not called by its proponent.