Simons, J.
(concurring). The tape of the victim’s 911 call was inadmissible hearsay and was improperly received to bolster his in-court testimony. Nevertheless, the error was harmless and I therefore vote to affirm.
This appeal stems from an incident which occurred when the defendant broke into the victim’s house in the early morning hours. The homeowner was awakened by the sound of shattering glass and immediately phoned 911 to report the entry. He subsequently left the house and hid behind some bushes while he continued to report his observations to 911 on the portable phone. The burglar eventually emerged from the house carrying a briefcase and the victim followed him, while continuing his conversation with the 911 operator. The conversation, which lasted about four minutes, terminated before the police arrived and apprehended defendant. In a pretrial ruling, County Court held the 911 tape would be admissible at trial. After the victim had testified in full and recounted essentially the same facts recorded on the tape, the prosecution played the tape for the jury. A majority of the Appellate *514 Division and of this Court conclude this was not error. For several reasons, I disagree.
First, the 911 tape is not admissible in this case because it does not meet the standards for admissibility of evidence satisfying the present sense impression exception to the hearsay rule as stated in People v Brown (80 NY2d 729).
In Brown 911 tapes were received to fill an evidentiary gap to explain why police officers were unable to locate suspects while investigating a burglary in progress. The source of the information was an anonymous 911 caller who was observing from his apartment the actions of the police as they searched for the defendant. The witness made two 911 calls, the first to report the crime and the second to tell the stumped police officers that the suspect they could not locate was hiding on the roof of the burglarized building.
In adopting the present sense impression exception, we held that spontaneous descriptions of events made substantially contemporaneously with the observations are admissible if independently corroborated. While the issue of corroboration was not raised during the pretrial hearing in this case, that circumstance does not justify a categorical rule for admissibility of 911 tapes. Such evidence is admissible only if the proponent demonstrates the evidence is reliable, i.e., the observations are "corroborated by other evidence” in the record (People v Brown, 80 NY2d, at 734, supra [emphasis added]). Here, the People did not make such a showing when arguing the admissibility of the 911 tape.
Moreover, while we have not held that the declarant must be unavailable before the present sense impression applies, there must be a need for the hearsay evidence. The tape was admitted as substantive evidence of material facts in Brown because those facts could not be proven by any other evidence. We implicitly recognized that necessity was the predicate for the admissibility of the evidence when we stated "[i]f [the] eyewitness is available to testify to the events, there is certainly no pressing need for the hearsay testimony” (People v Brown, 80 NY2d, at 736, supra; see also, id., at 732, n 1). That statement was consistent with the view that, at bottom, necessity is the reason for most hearsay exceptions (see, e.g., People v Liccione, 63 AD2d 305, 316, affd 50 NY2d 850; People v Persico, 157 AD2d 339, 345; United States v Inadi, 457 US 387; see also, People v Jiminez, 102 AD2d 439, 442 [Alexander, J.]; Proposed NY Code of Evidence § 806 [iii]; Richardson, Evidence § 206 [Prince 10th ed]).
*515 The basis for the rule of necessity was discussed by the United States Supreme Court in United States v Inadi (475 US 387, 394, supra): "former testimony is only a weaker substitute for live testimony. It seldom has any independent evidentiary significance of its own, but is intended to replace live testimony. If the declarant is available and the same information can be presented to the trier of fact in the form of live testimony * * * there is little justification for relying on the weaker version”. Notwithstanding this statement of the general rule, the Supreme Court allowed the hearsay of a coconspirator in Inadi> finding that it was necessary to establish a conspiracy in progress, and because of the practical difficulties in securing forthcoming testimony from all the coconspirators. In the case before us, there was no similar need for the evidence in the 911 tape because the declarant testified and the four-minute conversation he had with the 911 operator did no more than duplicate his in-court testimony of the events before the police arrived (cf., People v Huertas, 75 NY2d 487). Thus, although I agree that a 911 tape might be admissible as a present sense exception to the hearsay rule if the proponent establishes that the evidence is adequately corroborated and that there is some necessity for it, I cannot agree the 911 tape met those requirements on the record before us.
Moreover, because declarant testified in this case the evidence constituted improper bolstering.
Generally, all relevant, i.e., probative, evidence is admissible unless there is some legal reason to exclude it (see, People v Lewis, 69 NY2d 321; Ando v Woodberry, 8 NY2d 165). Even when hearsay evidence is found reliable, and therefore admissible under some exception to the general rule barring hearsay, it remains subject to the general rules of relevance. The evidence must not only have probative value but its probative value must outweigh the potential prejudice to the defendant resulting from its reception, and its admission must not violate some established policy against admissibility (see generally, Fisch, NY Evidence § 3, at 3-4 [2d ed]). Familiar illustrations are evidence of prior criminal acts, which although probative of material issues before the court, may be precluded because of the prejudice arising from it (see, People v Alvino, 71 NY2d 233, 242; People v Lewis, supra, at 325; see also, People v Ventimiglia, 52 NY2d 350, 360).
The 911 tape had the potential to prejudice defendant in *516 this case because it improperly bolstered the victim’s testimony; it violated the rule which provides that if a witness has testified in person his or her testimony may not be supported by similar out-of-court statements (see, People v McDaniel, 81 NY2d 10, 16; People v McClean, 69 NY2d 426, 428).* Bolstering testimony is, by definition, relevant and probative, but it is customarily prohibited as a matter of policy because of its potential for prejudice, i.e., its tendency to support the testimony of the declarant and improperly enhance his or her credibility. It adds nothing to the proof but merely permits a witness to confirm, by unsworn statements, testimony given under oath.
The People’s contention that the evidence should be admitted because it is reliable and persuasive is beside the point. Evidence is not admissible simply because it is reliable; it must also be relevant. Moreover, an audio tape is reliable only in the sense that it is a permanent record of what the witness previously said. While the tape of the complainant’s 911 call may indeed be a reliable reproduction of what he saw and testified to in court, it is not necessarily an accurate statement of what happened. It suffers the same infirmities as the declarant’s in-court testimony with respect to the witness’ ability to perceive what happened and accurately restate it. It served only to enhance the victim’s credibility by reenforcing his in-court testimony without adding additional probative evidence.
The Appellate Division majority cited People v Huertas (75 NY2d 487, supra) to support its contention that the use of the 911 tape fell within an exception to the rule against bolstering. The statement in Huertas was not offered for the truth of the matters asserted and therefore was nonhearsay. It was received solely to establish, contrary to defendant Huertas’ claims, that the complainant had a sufficient opportunity to view defendant and that there was some basis for her subsequent corporeal identification.
The People did not offer the 911 tape on Huertas grounds in this case nor, in fact, did they offer any reason other than the fact that the tape qualified as a present sense impression. It *517 was introduced to prove the facts contained in the recording but it did not include any additional description of the suspect not testified to by declarant, nor did it include the identification of the suspect at the time and place of the arrest. It was merely a repetition of the events from the break-in of declarant’s apartment until he lost sight of the fleeing burglar. The declarant had already testified to those facts in full, however, and the tape improperly bolstered his in-court testimony.
The Appellate Division concluded the 911 evidence was even stronger than the typical out-of-court statement because it "vividly” portrayed the events (201 AD2d 156, 160). The majority finds it admissible because it gave the jury a chance to experience the crime "as the events unfolded” and because it was "potent” (majority opn, at 513). The People state that there was an element of "excitement” in the tape created by the victim’s wavering voice and his repeated emotional appeals for the police to get there quickly. But these characteristics, none of which were offered below to support admission, merely confirm that the tape, made under the stress of the crime in progress, would allow jurors to empathize with the victim. That, however, only enhances the improper bolstering effect of this unsworn evidence. By dramatically duplicating the witness’ in-court testimony without any necessity for doing so, the hearsay evidence repeated facts and circumstances which may or may not have been accurately perceived and did so in an emotional context which only echoed and reenforced declarant’s trial testimony. The unsworn statements on the tape, by their emotional impact, made the declarant’s in-court testimony stronger in the eyes of the jury —the essence of impermissible bolstering.
The cases cited by the majority do not support their result. In People v Caviness (38 NY2d 227), the witness was permitted to testify about a statement she had made at the time of the crime as an excited utterance. Inasmuch as her statement qualified under that exception to the hearsay rule, she was allowed to testify to it. The statement was part of her direct testimony, it was not repetitive, bolstering evidence which reiterated her in-court testimony. In Matter of Danny R. (50 NY2d 1026), the issue was whether the identification violated CPL 60.25. The Court decided it did not. There was no evidence in the record to establish whether the victim could or could not identify the juvenile at trial, and the common-law bolstering issue was apparently not presented to the court; at least it was not addressed in our opinion. Letendre v Hartford *518 Acc. & Indemnity Co. (21 NY2d 518) permitted prior sworn statements of a faithless employee to be admitted in the employer’s action to recover on a fidelity bond. The evidence did not constitute bolstering of in-court testimony, indeed it contradicted the employee’s in-court testimony and was made necessary when the employee denied the peculations at trial.
Accordingly, I conclude that the 911 tape was improperly admitted into evidence and played for the jury. It did not qualify as an admissible exception to the hearsay rule under the present sense impression rule because it was not properly corroborated, and because its proponent did not establish the need for it. Moreover, admitting the tape permitted the in-court testimony of the declarant to be improperly bolstered.
Nevertheless, I conclude the error was harmless. The victim followed defendant from his burglarized home to the area of the garage in which he was found hiding shortly after the crime. When arrested, defendant was perspiring and had wet blood on his shirt, a significant fact because human blood was found at the point of the break-in. The victim’s briefcase was found near the place of defendant’s arrest. Defendant fit the description given by the victim and was identified by him at the time of the arrest. Under the circumstances, admission of the 911 tape was harmless (see, People v Crimmins, 36 NY2d 230, 242).
Judges Titone, Smith and Levine concur with Judge Bellacosa; Judge Simons concurs in result in a separate opinion in which Chief Judge Kaye and Judge Ciparick concur.
Order affirmed.

 A common exception arises when an opponent assails a witness’ testimony as a recent fabrication. In such cases the party is entitled to offer evidence of prior consistent statements made before there existed any motive to lie (People v Seit, 86 NY2d 92, 95; People v McDaniel, 81 NY2d 10, supra; People v McClean, 69 NY2d 426, supra).