■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN BROWN, Appellant. [637 NYS2d 127] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered March 17, 1994, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

The Trial Justice properly allowed the complainant to testify about the statement made by an unidentified motorist under

the present sense impression exception to the hearsay rule. " '[S]pontaneous descriptions of events made *substantially* contemporaneously with the observations are admissible if the descriptions are sufficiently corroborated by other evidence * * * [S]uch statements may be admitted *even though* the declarant is not a participant in the events and is an *unidentified bystander.*' " (*People v Vasquez*, 214 AD2d 93, 102-103, quoting *People v Brown*, 80 NY2d 729, 734-735 [emphasis added].) Here, the evidence indicates that the motorist's statement was substantially contemporaneous and sufficiently corroborated. The complainant testified that he was returning to his parked van only about five or ten minutes after he had left it in an effort to make a delivery. The unidentified motorist, who was double-parked on the other side of the street from the complainant, stated spontaneously to complainant: "Is that your truck?"; the complainant replied "yes". The motorist said: "Somebody *just* broke in and took your handtruck out and went down Seventh Avenue * * * [R]un and you will catch him" (emphasis added). Clearly, the bystander was reporting something that had just occurred. Although the motorist did not explicitly say "I saw" someone break into the van, it is apparent from the motorist's statement that he did observe the incident (*see, People v Vasquez, supra*, at 103). Finally, there was sufficient corroboration for the statement that someone had just taken the handtruck from the van and fled down Seventh Avenue, since the complainant gave chase and immediately saw defendant pushing the complainant's handtruck near Seventh Avenue and 57th Street. One of the arresting officers, who was summoned shortly afterward, testified that he observed defendant "walking briskly" with the handtruck, followed by the complainant.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Mazzarelli, JJ.