THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON SMITH, Appellant. [700 NYS2d 227] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered January 7, 1999, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 12, 1998, at about 8:00 P.M., the complainant was robbed at gunpoint while he was working at a Getty gas station on Veterans Memorial Highway in Ronkonkoma. Immediately after the robber fled the station, the complainant called the 911 emergency telephone number and contacted the gas station manager. The complainant described the robber to the police as a short, thin, white man, about 5 feet 8 inches tall, 120 pounds, "very blue eyes", and dark hair in a "buzz

cut." Although the defendant had a mustache and goatee on the night of the robbery, the complainant did not mention those features in his description. Two days after the robbery, the complainant unequivocally picked the defendant out of a photo display. Three days after the robbery, he picked the defendant out of two different lineups.

The record reveals that the complainant observed the defendant at close range under good lighting conditions and, although he failed to notice the defendant's facial hair, he was "100 percent certain" that the defendant was the robber. Upon the exercise of our factual review power, we are satisfied that the jury verdict was not against the weight of the evidence (*see,* CPLR 470.15 [5]). The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented at trial, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88).

Contrary to the defendant's contention, the trial court properly admitted the tape of the call to the 911 emergency number under the present sense impression exception to the hearsay rule. Although the call was made after the robber left the gas station, the time delay was not sufficient to destroy the indicia of reliability upon which this hearsay exception rests (*see, People v Vasquez,* 88 NY2d 561; *People v Buie,* 86 NY2d 501; *People v Brown,* 80 NY2d 729).

The defendant's remaining contentions of prosecutorial misconduct during the summation are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. Bracken, J. P., S. Miller, Altman and Luciano, JJ., concur.