*401 OPINION OF THE COURT
Memorandum.
Order unanimously reversed with $10 costs, motion for summary judgment granted and complaint dismissed.
In this negligence action to recover damages for personal injuries and property damage, defendant moved for summary judgment on the ground that it was not her car that was involved in the accident and therefore she was not responsible for plaintiffs’ various injuries. The court denied the motion, in part due to the alleged statement of an eyewitness, who refused to give his name, but who gave the driver of plaintiffs’ car a license plate number. The driver of plaintiffs’ car testified at his deposition that the only information given to him by the unidentified man was the license plate number. The lower court found that, based on this information, an issue of fact was raised as to whether defendant’s car was involved in this hit- and-run accident.
On appeal, counsel for plaintiffs submits that the statement by the unidentified man could be allowed into evidence as a present sense impression exception to the hearsay rule.
Plaintiffs rely on People v Brown (80 NY2d 729, 734-735), wherein the rule is stated that “spontaneous descriptions of events made substantially contemporaneously with the observations are admissible if the descriptions are sufficiently corroborated by other evidence. Further, such statements may be admitted even though the declarant is not a participant in the events and is an unidentified bystander.” It is noteworthy that the Court, when discussing the corroboration element of the rule, rejected defendant’s argument that there must be “strict” corroboration, and commented on a middle ground which would require some corroboration and then stated that: “We do, however, decline to adopt the People’s argument that no corroboration should be required. The admission of a hearsay statement under any exception deprives the defendant of the right to test the accuracy and trustworthiness of the statement by cross-examination. The defendant’s only protection against the admission of fabricated testimony or unfounded rumor is that there be sufficient safeguards to assure the statement’s reliability” (People v Brown, supra, at 736). The Court found that the testimony of two officers who arrived on the scene shortly after the first 911 call and apprehended two suspects fitting the description was sufficient corroboration. The rule enunciated in Brown, later expanded in People v Buie *402 (86 NY2d 501), was further clarified in People v Vasquez (88 NY2d 561, 575-576), wherein, after distinguishing between an “excited utterance” and a “present sense exception,” the Court explained:
“The corroboration element of the present sense impression exception is * * * complex and * * * difficult to delineate. The general idea, as we stated in Brown (supra, 80 NY2d, at 734), is that there must be some independent verification of the declarant’s descriptions of the unfolding events. Although we stated in People v Brown (80 NY2d, at 737) that ‘there must be some evidence * * * that the statements sought to be admitted were made spontaneously and contemporaneously with the events described,’ we did not mean by that language that such proof would suffice to satisfy the entirely separate requirement that the content of the communication be corroborated by independent proof. Rather, we merely intended to reiterate the basic foundational requirements for admitting an out-of-court declaration purporting to be a ‘present sense impression.’ Accordingly, contrary to appellants’ arguments here, the corroboration element cannot be established merely by showing that the declarant’s statements were unprompted and were made at or about the time of the reported event.
“The extent to which the content of the declaration must be corroborated by extrinsic proof is, as we have previously said, dependent on the particular circumstances of the individual case (People v Brown, 80 NY2d, at 737). Because of the myriad of situations in which the problem may arise, it would not be productive to attempt to fashion a definitive template for general application. It is sufficient at this point to note that in all cases the critical inquiry should be whether the corroboration offered to support admission of the statement truly serves to support its substance and content.”
In the case at bar, plaintiffs rely upon the police accident report to establish corroboration. Although said report corroborates the testimony of plaintiffs in that it identifies the defendant’s vehicle as reflected in the report as a Plymouth with New York State license plate number T2M511, the driver, Vladimir Solovyev, stated numerous times that the unidentified male only gave him the license plate number. It is only when the police “ran” the plate number, that the computer matched it to the Plymouth owned by the defendant. This information provided by the police does not constitute extrinsic proof to support the substance and content of the declarant’s statement.
*403 In the absence of corroboration that it was defendant’s car that struck plaintiffs’ on the night in question, the present sense impression exception to the hearsay rule has not been established. Moreover, the statement fails to qualify as an “excited utterance,” because there is no explanation of how long after the accident the unidentified individual gave plaintiffs the license plate number or whether that person was under any stress when the information was provided (cf., Flynn v Manhattan & Bronx Surface Tr. Operating Auth., 94 AD2d 617, 619, affd 61 NY2d 769; see also, Lieb v County of Westchester, 176 AD2d 704). Since plaintiffs filed a notice of trial, they are precluded from seeking further discovery from defendant to establish that her car was involved in this accident. In the absence of any admissible evidence that could establish a triable issue of fact, the complaint must be dismissed.
Kassoff, P. J., Scholnick and Patterson, JJ., concur.