OPINION OF THE COURT
Donald J. Mark, J.
The defendant was charged with the crimes of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, as a result of his firing a handgun at the victim. The victim did not appear at the trial,[1] so over the defendant’s objection, the “911” tape of the victim’s call *570 was admitted under the “present sense” exception to the hearsay rule. The tape disclosed that immediately after the shooting, the victim, in a highly agitated state, called the “911” operator, described the incident and related the full name of the defendant as his assailant.
The rules for the admission of testimony under this exception were explained by the Court of Appeals in the case of People v Vasquez (88 NY2d 561, 575), as (1) the statement must describe or explain “an event or condition that was made while the declarant was perceiving the event or condition, or immediately thereafter,” and (2) “there must be some independent verification of the declarant’s description of the unfolding events.” (Internal quotation marks omitted.) The defendant’s objection was based upon his claim that neither of these two factors were satisfied, but that even if they were as to the event, there was no corroboration by independent proof of the identity of the defendant as the shooter.
Here, there was compliance with the requirement that the statement must be made contemporaneously with the event or immediately thereafter. The victim called the police immediately after the shooting, but before the defendant and his male associates had left the scene, as demonstrated by the victim’s statement on the tape of the “911” call twice that “[t]hey are in the parking lot right now.” This was also verified by two witnesses who were with the victim at the time of the shooting, and who testified that at that time they and the victim sought refuge inside an apartment and the victim immediately called the police (see People v Smith, 267 AD2d 407; People v Gutierrez, 248 AD2d 295, lv denied 91 NY2d 1008).[2]
There was also compliance with the requirement that the event be corroborated. The same two witnesses testified about the shooting, and three witnesses who did not observe this incident testified that they heard gunshots and soon thereafter saw three or four males in the parking lot near the location of the incident (see People v Cook, 220 AD2d 522, lv denied 87 NY2d 899; People v Sanchez, 216 AD2d 207, lv denied 87 NY2d 850).[3] In addition, two police officers who responded to the scene as a result of the “911” call and a police technician testified they discovered bullet holes in the same area where the shooting occurred (see People v Chaparro, 246 AD2d 339, lv *571 denied 91 NY2d 971; People v Paul, 222 AD2d 706, lv denied 87 NY2d 1023).[4]
The seminal case of People v Brown (80 NY2d 729) and its progeny have not addressed the issue raised by the defendant, viz., whether the identity of the defendant by name in a conversation, which otherwise qualifies as a “present sense” exception must be corroborated by independent evidence even though the event itself is sufficiently corroborated.
The “911” tape revealed that the victim was more concerned with an immediate response by the police than with the perpetrator’s identity, and he related the first name of the defendant and later the defendant’s last name only in response to the “911” operator’s questions.[5] The sixth question of the operator was “Tell me what they look like?” and the answer was “Um, this dude named Kevin,” and the 15th question of the operator was “What is Kevin’s last name?” and the answer was “Harvey.” The victim also responded to the 12th question that he knew “Kevin” because the defendant was going out with the victim’s “baby’s mom.”
There are two opinions where the name of the defendant was mentioned during the colloquy between the victim and the “911” operator, but they did not discuss this facet of corroboration in the context of the “present sense” exception.
In People v Hughes (287 AD2d 872, lv denied 97 NY2d 656) the victim told the “911” operator that he was robbed in his apartment by two men, one of whom he knew by his street name “Dog Pound” and who was also known to the police by that name.[6] The appellate court held that the tape of the “911” call that the victim made should not have been admitted into evidence, because the victim exited his apartment one minute after the intruders left and observed his bicycle was missing before he returned to his apartment and made the call. That Court further held, however, that the victim’s statements were *572 sufficiently corroborated by the testimony of the police officers who apprehended the defendant who matched the description transmitted to the police.
The second opinion is People v Victor R. (161 Misc 2d 212, 213), where the victim in an excited and stressful state reported to the “911” operator that someone was shooting through her door and then stated, “Vic, put it down” (Vic being the first name of the defendant). The trial court held a hearing to determine admissibility and at trial the “911” tape was admitted under the “present sense” exception. The tenor of the entire decision was that the tape was admissible because of its spontaneity, even though the victim was in court and able to testify.[7] While the case of People v Brown (supra) and its requirement of corroboration was alluded to in the decision, no reference was made to any evidence of corroboration.
The case of People v Farrell (228 AD2d 693, 693, lv denied 88 NY2d 984) did not involve a “911” call but instead involved a statement during a high-speed car chase by a police officer to another officer that “It is Makis, stop the car, turn around.” This was ruled admissible as a “present sense” exception and it was probably corroborated by the arrest of “Makis,” although the decision did not mention corroboration.
Thus, from the case law in this area, it can be inferred that if the contents of the “911” call satisfy both prongs of the criteria for the admissibility of the “present sense” exception, the fact that the actual name of the defendant is included in such contents does not require independent corroboration of that aspect of the call.

. In People v Jardín (154 Misc 2d 172), despite “diligent efforts” the prosecution could not locate the caller to “911.”

. These are cases where a call was made to “911” close enough after the conclusion of the incident to be considered contemporaneous.

. These are cases where civilian witnesses verified the contents of the “911” call.

. These are cases where police witnesses verified the contents of the “911” call.

. Since the “present sense” exception is a “close relative” of the “excited utterance” exception (People v Vasquez, supra at 574) and the latter exception is not. counteracted because the statement is in response to a question (People v Arroyo, 257 AD2d 518, lv denied 93 NY2d 966), the defendant’s full name as an answer to a question does not automatically eliminate it from the “present sense” exception.

. The contents of the “911” call were not described in this decision, but they were ascertained from the “911” tape copy provided by the appellate assistant district attorney, whose magnanimous cooperation was greatly appreciated.

. This decision accurately forecast the same holding by the Court of Appeals in People v Buie (86 NY2d 501).