■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Appellant. [896 NYS2d 871]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered October 26, 2006, convicting defendant, after a jury trial, of assault in the second degree (two counts) and assault in the third degree, and sentencing him to an aggregate term of seven years, unanimously affirmed. Judgment, same court and Justice, rendered November 9, 2006, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a concurrent term of five years, unanimously modified, on the law, to the extent of vacating the term of postrelease supervision and remanding for the sole purpose of imposing a lawful term thereof, and otherwise affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility.

The court properly permitted the People to introduce a tape of a 911 call made by an unidentified declarant. The content of the call establishes that it qualified under both the excited utterance (see People v Edwards, 47 NY2d 493, 497 [1979]) and present sense impression (see People v Brown, 80 NY2d 729 [1993]) exceptions to the hearsay rule, and that it was not testimonial within the meaning of Crawford v Washington (541 US 36 [2004]) in that it was made "to enable police assistance to meet an ongoing emergency" (Davis v Washington, 547 US 813, 822 [2006]).

As the People concede, since defendant was a first felony offender for sentencing purposes, the five-year term of postrelease supervision (PRS) imposed for his conviction by guilty plea was unlawful, and the correct term of PRS should be between 1½ and 3 years. We perceive no other basis for reducing any of the sentences. Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.