The People of the State of New York, Respondent, v Christopher Parchment, Appellant. [938 NYS2d 174]—

The Supreme Court erred in admitting into evidence a recording of an anonymous 911 emergency call under the present sense impression exception to the hearsay rule. "As generally stated, the present sense impression exception permits a court to admit hearsay testimony of a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" (*People v Brown*, 80 NY2d 729, 732 [1993]; *see People v Vasquez*, 88 NY2d 561, 575 [1996]). Such declarations are considered reliable "because the contemporaneity of the communication minimizes the opportunity for calculated misstatement as well as the risk of inaccuracy from faulty memory" (*People v Vasquez*, 88 NY2d at 574; *see People v Brown*, 80 NY2d at 732-733). In order to further assure the reliability of such declarations, the "substance and content" of the statement "must be corroborated by extrinsic proof" (*People v Vasquez*, 88 NY2d at 576).

In this case, the element of contemporaneity was not satisfied. The anonymous 911 caller described the entire course of events to the operator using the past tense, indicating that he was recalling and describing events that he observed in the recent past, rather than as it was occurring (*id.* at 578-580; *cf. People v Buie*, 86 NY2d 501, 503-504 [1995]; *People v Brown*, 80 NY2d at 731-732; *People v McCall*, 80 AD3d 626, 627 [2011]). Moreover, the People failed to demonstrate that the delay between the conclusion of the event and the beginning of the call was not sufficient to destroy the indicia of reliability upon which the present sense impression exception rests (*see People v Matyszewski*, 47 AD3d 646 [2008]; *People v Dalton*, 217 AD2d 587, 588 [1995], *affd sub nom. People v Vasquez*, 88 NY2d 561 [1996]; *cf. People v York*, 304 AD2d 681 [2003]; *People v Melendez*, 296

AD2d 424, 424-425 [2002]; *People v Smith*, 267 AD2d 407, 408 [1999]).

Under the circumstances of this case, the error was not harmless. Given the conflicting evidence as to whether the defendant was the shooter, the evidence of his guilt was not overwhelming, and thus "there is no occasion for consideration of any doctrine of harmless error" (*People v Crimmins*, 36 NY2d 230, 241 [1975]). Accordingly, reversal is required and the matter must be remitted to the Supreme Court, Queens County, for a new trial.

In addition, we note that the defendant was entitled to a copy of the transcript of his own witness's grand jury testimony since the prosecutor made use of it to impeach the witness during cross-examination (*see People v Barbera*, 220 AD2d 601, 602 [1995]; *People v Gladden*, 72 AD2d 568, 569 [1979]).

In light of our determination, the defendant's contention that his sentence was excessive has been rendered academic. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.