People v Lao (2020 NY Slip Op 06721)





People v Lao


2020 NY Slip Op 06721


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Ind No. 4874/17 740/18 4874/17 740/18 Appeal No. 12377 Case No. 2018-04305 

[*1]The People of the State of New York, Respondent,
v
Noel Lao, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J. at consolidation motion; Gregory Carro, J. at jury trial and sentencing), rendered September 12, 2018, convicting defendant of two counts of burglary in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of seven years, unanimously affirmed.
The court providently exercised its discretion in granting the People's motion to consolidate two indictments, charging separate burglaries. The court correctly concluded that evidence relating to the second burglary was admissible to prove the first. When arrested for the second burglary, defendant and his codefendant were wearing the same very distinctive clothing as the persons in a surveillance videotape introduced to establish the first burglary, which occurred three days earlier. The clothing similarity was highly probative to identify defendant as one of the persons in the videotape, and its probative value outweighed any prejudicial effect. The two burglaries were also properly joined as legally similar pursuant to CPL 200.20 (2) (c), and defendant failed to make a sufficient showing for a discretionary severance pursuant to CPL 200.20 (3).
Defendant did not preserve his challenge to the court's response to a jury note, and we decline to review it in the interest of justice. As an alternative holding, we find that the response adequately conveyed the principle that the jury could not infer defendant's intent to commit a crime in one burglary based on a finding of such intent as to the other burglary.
The court providently admitted a 911 call by an eyewitness reporting the second burglary as a present sense impression (see People v Brown, 80 NY2d 729, 732-734 [1993]). The caller described the events immediately after they unfolded, and the call was corroborated, because the caller testified to essentially the same facts at trial and was available for cross-examination, had defendant chosen to recall her after the 911 call was admitted. Any minor or cumulative input, late in the call, by a second testifying eyewitness did not render the call inadmissible as a present sense impression.
Defendant's arguments concerning the sufficiency and weight of the evidence establishing the first burglary are unavailing (see People v Danielson, 9 NY3d 342, 348-
349 [2007]). Circumstantial evidence, including the surveillance videotape, supported the conclusion that defendant and the codefendant unlawfully entered a building, where they stole property. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020