People v Jackson (2021 NY Slip Op 03385)





People v Jackson


2021 NY Slip Op 03385


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Gische, J.P., Kern, Oing, Shulman, JJ. 


Ind No. 954/18 Appeal No. 13942 Case No. 2019-1857 

[*1]The People of the State of New York, Respondent,
v
Stacey Jackson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Erika M. Edwards, J.), rendered October 30, 2018, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of 4½ years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including those relating to the victim's testimony that defendant cut him with a box cutter. Moreover, that testimony was corroborated by medical evidence.
The victim's 911 call was properly admitted under both the excited utterance and present sense impression exceptions to the hearsay rule (see People v Fratello, 92 NY2d 565, 570-571 [1998], cert denied 526 US 1068 [1999]); People v Brown, 80 NY2d 729, 732-736 [1993]). The record supports inferences that at the time of the call the victim was still under the influence of the stress of being assaulted, as well as that the substantial contemporaneity and corroboration requirements for admission of a present sense impression were met (see id. at 734; Guide to NY Evid rules 8:17, Excited Utterance; 8:29, Present Sense Impression). In any event, any error in the admission of the 911 call was harmless. The victim testified at trial, and his credibility was fully tested through cross-examination (see People v Ludwig, 24 NY3d 221, 230 [2014]).
Defendant, who did not request any further inquiry, and expressly requested that the juror remain, failed to preserve his claim that the court should have made a further inquiry and specific findings in response to indications that a sitting juror might be having difficulty speaking and understanding English. We decline to review this claim in the interest of justice. As an alternative holding, we find that the court's inquiry was adequate, and that it established the juror's ability to serve.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021