Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 13, 2013, which denied defendants’ motion for summary judgment, unanimously modified, on the law, to grant the motion to the extent of dismissing the third cause of action for lack of informed consent, dismissing the amended complaint as against Sarah Lazarus, P.A., and precluding plaintiffs from presenting a theory of liability arising from the performance of the surgical procedures at issue in a surgi-suite, and otherwise affirmed, without costs.
This medical malpractice action seeks recovery for the alleged negligent treatment, wrongful death, and lack of informed consent of Adriana Porras in connection with an abdominoplasty and liposuction of the thighs and knees performed by Dr. Sharon Giese, a plastic surgeon, on June 25, 2009 and assisted by Sara Lazarus, a physician’s assistant employed by Dr. Giese. Plaintiffs maintain that, during the next two days, decedent developed various symptoms and that their calls to the emergency number provided by defendants went unanswered. Ms. Porras died on June 27, 2009 and the autopsy report identified the cause of death as “acute pulmonary failure due to bilateral obstructive pulmonary thromboemboli originating from thrombosed right popliteal vein.”
*588 Defendants’ submissions of deposition transcripts, medical records, and expert affirmations based on the same, established a prima facie defense entitling them to summary judgment, if not rebutted (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The foregoing submissions established, inter alia, that defendants’ treatment of decedent did not depart from accepted medical practices or proximately cause decedent’s injuries or death.
The court properly considered the affirmation of plaintiffs’ expert, Dr. Taff, the Rockland County Medical Examiner, who based his opinion, in part, on his personal observation of multiple emboli in both of decedent’s lungs during the autopsy performed on her. Dr. Taffis opinion was properly based upon facts known to him based upon personal observation, which observation was not recorded in the autopsy report prepared by another doctor. Whether or not he was being truthful goes to the weight, rather than the admissibility, of the evidence and is for the trier of fact to determine (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]). Dr. Taffis reliance on hearsay statements made by decedent to her husband Pablo Balzola concerning her postoperative complaints was also proper. These statements fall within the “present sense impression” exception to the hearsay rule as they spontaneously and contemporaneously described decedent’s physical complaints and were sufficiently corroborated with other evidence in the record (see People v Brown, 80 NY2d 729, 732 [1993]). Mr. Balzola’s testimony of his wife’s postoperative complaints was supplemented by his own personal observations of her medical condition and the ambulance report which reflect that decedent stated that she could not breathe and that Mr. Balzola reported that decedent’s complaints also included increased perspiration.
We dismiss plaintiffs’ failure to procure informed consent claim. To prevail on such claim, a plaintiff must establish, via expert medical evidence, that defendant failed to disclose material risks, benefits and alternatives to the medical procedure, that a reasonably prudent person in plaintiff’s circumstances, having been so informed, would not have undergone such procedure, and that lack of informed consent was the proximate cause of her injuries (see CPLR 4401-a; Shkolnik v Hospital for Joint Diseases Orthopaedic Inst., 211 AD2d 347, 350 [1st Dept 1995], lv dismissed in part, denied in part 87 NY2d 895 [1995]). In response to defendants’ prima facie showing that consent was properly obtained, plaintiffs failed to raise a triable issue of fact by offering expert medical evidence establishing the alleged increased risk to decedent was material and that lack of *589 informed consent proximately caused the injury (see Public Health Law § 2805-d).
Ms. Lazarus, the physician’s assistant, is entitled to dismissal of the claims asserted against her. The negligence claim against Lazarus arises, for the most part, out of her failure to communicate with decedent on the day after her surgery. While plaintiffs’ expert plastic surgeon opined that this failure constituted a deviation from the standard of care, the expert did not opine this alleged failure was a proximate cause of decedent’s injuries. Additionally, there is no evidence that Ms. Lazarus is responsible for or may be held accountable for plaintiffs’ inability to communicate with Dr. Giese or was even aware of their attempts to do so.
Plaintiffs’ expert’s opinion that the performance of the surgical procedures in Dr. Giese’s surgi-suite was contrary to Dr. Giese’s own protocol, without reference to the accepted standard of care, and speculation that performing the procedures in a hospital “might” have resulted in decedent being better monitored, allowing her to be diagnosed and treated, and affording her a chance of a cure, failed to raise a triable issue of fact on this theory of liability (see Alvarez v Prospect Hosp. at 324). We have considered appellants’ remaining arguments and find them unavailing. Concur — Andrias, J.P, Friedman, Sweeny, Saxe and Richter, JJ.