Order, Supreme Court, New York County (Joan B. Lobis, J.), entered June 5, 2012, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Chandranath Sen, MD, and Peter Costantino, MD (defendants), for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff alleged in her complaint that she was improperly diagnosed with a small tumor, or microadenoma, in her pituitary gland and underwent surgery that turned out to have been unnecessary because there was no tumor found. She alleged that defendant Sen had doubts concerning the positive finding of the MRI, but did not advise her of those concerns and proceeded to perform the surgery with defendant Cosantino.
In support of their motion for summary judgment, defendants met their prima facie burden by submitting the affirmation of a medical expert who opined, inter alia, that they did not deviate from good medical practice in their treatment of plaintiff and properly relied on the MRI and MRI report, and that Dr. Sen properly explained to plaintiff the risks and benefits of surgery and “obtained informed consent as to the treatment options available for the pituitary microadenoma,” after advising her that she could wait and observe/monitor the tumor (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Balzola v Giese, 107 AD3d 587 [1st Dept 2013]).
In opposition, plaintiff articulated a claim, not separately pleaded in her complaint, that defendants did not obtain informed consent because they did not disclose that Dr. Sen had reservations about whether or not a tumor actually existed, and that she would not have consented to the surgery had she known that there might not be a tumor shown on her MRI films. Assuming the complaint adequately pleaded lack of informed consent, plaintiffs opposition to the motion was insufficient to raise an issue of fact as to whether defendants’ disclosure of “the risks, benefits and alternatives to the procedure or treatment” departed from what “a reasonable practitioner would have disclosed,” since “[e]xpert medical testimony is required to prove the insufficiency of the information disclosed to the plaintiff” (Orphan v Pilnik, 15 NY3d 907, 908 [2010]; Leighton *439 v Lowenberg, 103 AD3d 530 [1st Dept 2013]; CPLR 4401-a). Absent any expert opinion supporting plaintiffs assertion that defendants were required to disclose any reservations or doubts to her, summary judgment dismissing the complaint was properly granted (see Gardner v Wider, 32 AD3d 728 [1st Dept 2006]). Moreover, defendants’ expert, in reply to plaintiff’s expanded lack of informed consent theory, opined unequivocally that it would have not been within the standard of care to advise plaintiff of the possibility that no tumor was present, because there was no basis for such a finding prior to surgery. Concur— Tom, J.P, Andrias, Friedman, Freedman and Clark, JJ. [Prior Case History: 35 Misc 3d 1236(A), 2012 NY Slip Op 51025(U).]