Maikish v Good Samaritan Hosp. Med. Ctr. (2024 NY Slip Op 03335)

Maikish v Good Samaritan Hosp. Med. Ctr.

2024 NY Slip Op 03335

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Gesmer, Rosado, JJ. 

Index No. 805030/16 Appeal No. 2389 Case No. 2022-05498 

[*1]Charles Maikish, Appellant,
v
Good Samaritan Hospital Medical Center, et al., Respondents, Joseph A. Bonafede, M.D., et al., Defendants.

Queller, Fisher, Washor, Fuchs & Kool, New York (Pablo A. Sosa of counsel), for appellant.
Rubin Paterniti Gonzalez Rizzo Kaufman LLP, New York (Jonathan Waldauer of counsel), for Good Samaritan Hospital Medical Center, Andrea Baierlein, Patrick Norton and Iram Ahsanuddin, respondents.
Schiavetti, Corgan, Diedwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for Patrick Reid, M.D. and Steven Blau, M.D., respondents.
Wagner, Doman, Leto & Dileo, P.C., Mineola (Joyce S. Lipton of counsel), for Steven Cagen, M.D., and Long Island Anesthesiologists PLLC, respondents.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for Kathleen O'Hara, M.D. and Khalid A. Noori, M.D., respondents.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered on or about November 4, 2022, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Good Samaritan Hospital Medical Center, Steven Cagen, M.D., Long Island Anesthesiologists PLLC, Steven Blau, M.D., Kathleen O'Hara, M.D., Patrick Norton, and Iram Ahsanuddin for summary judgment dismissing the complaint and all cross-claims against them, unanimously modified, on the law, so as to deny the motions of defendants Steven Cagen, M.D., Steven Blau, M.D., and Kathleen O'Hara, M.D., and otherwise affirmed, without costs.
The moving defendants made a prima facie showing based on deposition transcripts, medical records, and expert affirmations that they did not commit medical malpractice (see Balzola v Giese, 107 AD3d 587, 588 [1st Dept 2013]). Specifically, the moving defendants provided affirmations of experts in the fields of radiology, otolaryngology, surgery, and internal medicine, as well as anesthesiology, and those experts opined that defendants did not depart from the applicable standard of care and their actions did not proximately cause plaintiff's injuries.
Plaintiff does not contest on appeal that defendants made a prima facie case. Rather, plaintiff contends that he presented sufficient evidence to raise a triable issue of fact as to these defendants through medical records and the affirmation of his anonymous expert. Supreme Court erred in concluding that plaintiff's showing was insufficient to rebut the evidence presented as to defendants Dr. Cagen, Dr. Blau, and Dr. O'Hara.
First, we reject defendants' argument that plaintiff's expert lacked the necessary expertise to opine on medical issues outside of anesthesiology (see Nguyen v Dorce, 125 AD3d 571, 572 [1st Dept 2015]). While plaintiff's expert completed a residency in anesthesiology and a fellowship in obstetric anesthesia, the expert also described familiarity with "the applicable standards of medical care and practice related to the medical issues in this matter, including the standards concerning the medical treatment of general endotracheal intubation, and the management of an endotracheal tube (ETT) in a critical care setting, as such standards existed in 2013 and 2014."
Second, plaintiff's expert specifically described departures by each of these defendants. These were sufficient to raise a question of fact precluding the grant of summary judgment in their favor. Plaintiff's expert described Dr. Cagen as having departed from good and accepted practice by failing to document, and thus communicate to future providers, the depth at which he initially placed the ETT and the noninflated status of the ETT's cuff. Plaintiff's expert described Dr. Blau as having departed from good and accepted practice during the period when he was primarily responsible for decedent's care by failing to ensure the regular recording of the ETT's depth and settings. Plaintiff's expert also [*2]stated that Dr. Blau departed from the standard of care in failing to ensure that a chest X-ray be ordered promptly after the ETT had migrated five cm; instead, there was a gap of almost 10 hours between that finding and the ordering of the X-ray, as evidenced by the lack of entries into decedent's medical records. Similarly, plaintiff's expert stated that Dr. O'Hara departed from good and accepted practice in not ensuring that the ETT metrics, including its depth, be recorded at least every four hours. Accordingly, since plaintiff's expert raised questions of fact as to the conduct of these three defendants, their motions for summary judgment should have been denied.
However, Supreme Court properly concluded that plaintiff's showing was insufficient to defeat the summary judgment motions by defendants Good Samaritan Hospital Medical Center, Long Island Anesthesiologists PLLC, Patrick Norton and Iram Ahsanuddin. In particular, plaintiff's expert did not explain how and when defendants Norton and Ahsanuddin, who were not medical doctors, departed from the applicable standard by failing to follow the orders of plaintiff's treating doctors. Since the liability of defendant Good Samaritan was based on the actions of defendants Norton and Ahsanuddin, we agree that it was entitled to summary judgment as well. Similarly, we find that plaintiff failed to raise a triable issue as to the liability of defendant Long Island Anesthesiologists PLLC, entitling them to summary judgment.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024