■ In the Matter of JOHNNY C. IRIZARRY, Respondent, v MOTOR VEHICLE INDEMNIFICATION CORPORATION, Respondent, and STATE FARM INSURANCE COMPANIES, Appellant. [732 NYS2d 54] —In a proceeding pursuant to Insurance Law § 5218 to permit the petitioner to commence an action against the Motor Vehicle Indemnification Corporation, or, in the alternative, to direct the respondent State Farm Insurance Companies to defend the insured, Dwayne Henry, the owner of the vehicle named in the police report, to ensure that the petitioner is appropriately compensated for his noneconomic loss, State Farm Mutual Automobile Insurance Company, s/h/a State Farm Insurance Companies, appeals from an order of the Supreme Court, Kings County (Kramer, J.H.O.), dated January 16, 2001, which, after a hearing, denied the petition and determined that the

petitioner may proceed against the owner of the vehicle named in the police report.

Ordered that the order is affirmed, with costs.

At the hearing, the petitioner testified that he was struck by a hit-and-run vehicle, which he identified from his own observation as a white Acura. The petitioner testified that immediately after he was struck, while he was still on the ground, an eyewitness ran up to him and said "Relax. We have the plates. Relax." That man told the petitioner that "he took the license plate." Several other witnesses ran up and said that they "have the plates." The petitioner did not ascertain their names.

A police officer who responded to the scene noted in his police report that the license plate number "was obtained by witnesses who refused to give names." The license plate number in the police report was assigned to a white Acura insured by the appellant.

In an action to recover damages for personal injuries sustained in an accident, the oral statements of unidentified eyewitnesses are admissible pursuant to the present sense exception to the hearsay rule, if such statements are made "substantially contemporaneously" with the observation (*People v Brown,* 80 NY2d 729, 734; *see, People v Smith,* 267 AD2d 407), and such statements are "sufficiently corroborated by other evidence" (*Rodney v Town of Brookhaven,* 228 AD2d 486; *see, Perez v Exel Logistics,* 278 AD2d 213; *Solovyev v Smith,* 187 Misc 2d 400). The statement of an unidentified eyewitness, immediately upon observation of the license plate number of the offending vehicle minutes after the accident, may constitute competent evidence (*see, Perez v Exel Logistics, supra*) if corroborated by "extrinsic proof" (*Solovyev v Smith, supra,* at 402). In this case, the petitioner testified that immediately after he was struck and while he was still lying on the ground, an eyewitness told him "he took the license plate." The statements identifying the license plate number of the offending vehicle were corroborated by the petitioner's testimony, identifying the vehicle as a white Acura (*cf., Solovyev v Smith, supra*).

Accordingly, the Judicial Hearing Officer properly denied the petition and properly determined that the petitioner may proceed against the owner of the vehicle identified in the police report (*see, Hauswirth v American Home Assur. Co.,* 244 AD2d 528). Ritter, J. P., Goldstein, Florio and Townes, JJ., concur.