■ In the Matter of PHOENIX INSURANCE COMPANY, Respondent, v WALTER GOLANEK, Respondent, STATE FARM MUTUAL INSURANCE COMPANY et al., Respondents, and GEICO et al., Appellants. [857 NYS2d 215]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, GEICO and Geoffrey G. Hall appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Shifrin, Ct. Atty. Ref.), entered July 13, 2007, which, after a hearing, granted the petition and permanently stayed the arbitration.

Ordered that the order and judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the petition is denied, and the proceeding is dismissed.

This matter arises out of an accident that occurred when the offending vehicle, identified by an eyewitness as a white pickup truck, moved from the right lane of the roadway into the center lane, striking a vehicle, and forcing that vehicle into the left lane, where it struck a third vehicle owned and operated by Walter Golanek and insured by Phoenix Insurance Company, sued herein as Travelers Property Casualty (hereinafter Phoenix). The driver of the offending vehicle left the scene of the accident without stopping. The police accident report prepared in connection with the accident set forth a license plate number for the offending vehicle, and stated that the number had been observed by the eyewitness. The license plate number appearing in the report was found to correspond to a white pickup truck registered to Geoffrey G. Hall, who was insured by GEICO. Hall denied involvement in the accident. After Golanek filed an uninsured motorist claim against Phoenix and demanded arbitration of the claim, Phoenix commenced this proceeding, seeking a permanent stay of arbitration.

At a framed-issue hearing on the question of whether Hall's vehicle was involved in the accident, the eyewitness testified that after the accident, she and her mother followed the offending vehicle, and, with her mother's help, she wrote down that vehicle's license plate number. The eyewitness then stopped, got out of her car, and ran back toward the site of the accident. Along the way, she encountered a police officer and gave him the license plate number, which the officer wrote in his memo book. The eyewitness testified, albeit equivocally, that she observed the officer writing the number down, and confirmed that he had recorded the number accurately.

There was no evidence at the framed-issue hearing as to whether the officer to whom the eyewitness spoke was one of the two police officers who responded to the scene of the accident, or whether he was involved in preparing the police accident report. Neither the paper on which the eyewitness wrote the license plate number nor the police officer's memo book was offered into evidence at the hearing, and neither the officer who spoke with the eyewitness nor the officer who prepared the police accident report testified at the hearing.

At the conclusion of the framed-issue hearing, Phoenix sought to introduce into evidence the police accident report, which identified Hall's vehicle, by its license plate number, as the offending vehicle. The referee ruled the report to be admissible pursuant to the present sense impression exception to the hearsay rule. The referee determined that Hall's truck was the vehicle involved in the accident, granted Phoenix's petition, and permanently stayed the arbitration.

Contrary to the contentions of the respondents on this appeal, this Court's decision in *Matter of Irizarry v Motor Veh. Indem. Corp.* (287 AD2d 716 [2001]) does not require the conclusion that the police accident report was admissible under the present sense impression exception. First, the report made by the eyewitness to the police officer she encountered was not based on any present sense she had of the offending vehicle's license plate number. After she wrote that number on a piece of paper, she was no longer relying upon a present sense of the number, but was relying entirely on the contents of her own writing. Thus, the officer's memo book, and certainly the police accident report generated sometime later, did not "reflect[ ] a *present* sense impression rather than a recalled or recast description of events that were observed in the recent past" (*People v Vasquez,* 88 NY2d 561, 575 [1996]).

Moreover, "the key components of 'present sense impressions' are contemporaneity and corroboration" (*id.*). While the reports by the witnesses in *Irizarry* were "made 'substantially contemporaneously' with the observation" of the license plate number of the offending vehicle (*Matter of Irizarry v Motor Veh. Indem. Corp.,* 287 AD2d at 717, quoting *People v Brown,* 80 NY2d 729, 734 [1993]), the evidence at the hearing in this case did not establish how much time elapsed between the eyewitness's observation of the license plate and her statement to the police officer, or how much additional time elapsed between that statement and the preparation of the police accident report. Furthermore, the evidence of corroboration, consisting of the eyewitness's identification of the offending vehicle as a white

pickup truck, was significantly less detailed than that presented in *Irizarry*, where the injured party identified the specific model of the vehicle that struck him. Accordingly, the police report should not have been admitted pursuant to the present sense impression exception.

Contrary to the alternative contention of the respondents on appeal, the police accident report was not admissible pursuant to the past recollection recorded exception to the hearsay rule. A memorandum of a past recollection recorded is admissible only when, inter alia, "the witness can presently testify that the record correctly represented his knowledge and recollection when made" (*People v Taylor*, 80 NY2d 1, 8 [1992]). The eyewitness did not give, and could not have given, any such testimony regarding the police report, since she was not present when it was prepared. Although there was some evidence at the hearing that the eyewitness verified that the police officer to whom she spoke recorded the license plate number accurately in his memo book, there was no evidence as to how the information in the memo book came to appear in the police accident report. Thus, "there can be no more than supposition on the critical question of whether what was observed and [reported by the eyewitness] corresponded with what was heard by the [author of the police report] and written down" (*id.* at 10).

Since the police accident report was improperly admitted into evidence, and there was no other competent evidence that Hall's vehicle was involved in the subject accident, Phoenix's petition to permanently stay arbitration of Golanek's uninsured motorist claim should have been denied, and the proceeding dismissed. Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.