■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v MARCUS STRICKLIN, Respondent, and AUTOONE INSURANCE COMPANY et al., Appellants. [941 NYS2d 165]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Autoone Insurance Company and Javonna Langlois appeal from a judgment of the Supreme Court, Suffolk County (Mayer, J.), dated May 16, 2011, which, after a framed-issue hearing, granted the petition and permanently stayed the arbitration.

Ordered that judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

On March 2, 2009, Marcus Stricklin was injured in a hit-and-run accident while riding as a passenger in a motor vehicle insured by Allstate Insurance Company (hereinafter Allstate), which was struck by an unidentified vehicle that drove away from the scene. Stricklin made a claim for uninsured motorist benefits and, thereafter, Allstate commenced this proceeding seeking, inter alia, to permanently stay the arbitration of the claim. At a framed-issue hearing concerning the possible identity of the hit-and-run vehicle, Stricklin testified that, within "about five minutes" after the accident, an unidentified individual handed him a piece of paper on which the license plate number of the car which fled the scene allegedly was written. Stricklin further stated that this individual told him that he "went down the road and retrieved the plate number." While Stricklin was "headed into the ambulance" which had arrived at the accident site, he gave the piece of paper to a police officer. Stricklin never observed the plate number of the other vehicle. The plate number and identifying information was included in the subsequently prepared police accident report. This report stated, inter alia, that the "offending" vehicle was owned by the appellant Javonna Langlois, who testified at the hearing that, at the time of the accident, she owned a Honda vehicle insured by the appellant Autoone Insurance Company (hereinafter Autoone). She also testified that her vehicle was never in an accident. The hearing court admitted the uncertified police report into evidence even though no police officer testified, and concluded that "there is another tortfeasor for which there is coverage." As a result, the hearing court entered judgment granting the petition to permanently stay arbitration of the uninsured motorist claim.

Contrary to the appellants' contention, the police accident report was not admissible under the present sense exception to the hearsay rule. To be admissible under this exception, a statement must be made "substantially contemporaneously" with the witness's observations, and the declarant's description of the relevant events must be "sufficiently corroborated by other

evidence" (*People v Brown*, 80 NY2d 729, 734 [1993]). As stated by this Court in the case of *Matter of Phoenix Ins. Co. v Golanek* (50 AD3d 1148, 1150 [2008]): "After [the eyewitness] wrote [the plate] number on a piece of paper, [he] was no longer relying upon a present sense of the number, but was relying entirely on the contents of [his] own writing [and thus] . . . the police accident report generated sometime later did not 'reflect[ ] a present sense impression rather than a recalled or recast description of events that were observed in the recent past' (*People v Vasquez*, 88 NY2d 561, 575 [1996])."

Morever, the evidence at the hearing did not establish how much time elapsed between the imparting of the license plate information to the officer and the preparation of the police accident report. In addition, it was not established that the officer who received the piece of paper at the accident scene was the same one who prepared the police report. Moreover, even assuming that the license plate information was "substantially contemporaneous" with the unidentified witness's observation, there was insufficient evidence of corroboration (*cf. Matter of Irizarry v Motor Veh. Indem. Corp.*, 287 AD2d 716 [2001]).

Accordingly, under all of the circumstances, it was error to admit the police report into evidence. Since there was no other evidence that the vehicle insured by Autoone was involved in the subject accident, Allstate's petition to stay arbitration of Stricklin's uninsured motorist claim should have been denied, and the proceeding dismissed. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.