In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v CRYSTAL WATSON et al., Respondents, and IVETTE M. JOSEPH et al., Appellants. [7 NYS3d 910]—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Ivette M. Joseph, Lincoln H. Joseph, and Metropolitan Group Property & Casualty Ins. Co. appeal from an order of the Supreme Court, Kings County (Schack, J.), dated April 19, 2014, which, upon adopting the findings of a Judicial Hearing Officer (Archer, J.H.O.) dated February 27, 2014, made after a framed-issue hearing, that a vehicle owned by Ivette M. Joseph and Lincoln H. Joseph was involved in the subject accident, in effect, granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

Where, as here, a matter is determined after a hearing, this

Court's power to review the evidence is as broad as that of the hearing court, taking into account in a close case the fact that the hearing court had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of Progressive Northwestern Ins. Co. v Scott*, 123 AD3d 932, 933 [2014]; *Matter of Progressive Specialty Ins. Co. v Lubeck*, 111 AD3d 947, 948 [2013]). We decline to disturb the Supreme Court's determination, adopting the findings of a Judicial Hearing Officer, after a framed-issue hearing, that a vehicle owned by Ivette M. Joseph and Lincoln H. Joseph was involved in the subject accident.

The parties' remaining contentions are either unpreserved for appellate review or without merit.

Accordingly, the Supreme Court properly, in effect, granted the petition and permanently stayed arbitration. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.