██ In the Matter of AMERICAN TRANSIT INSURANCE COMPANY, Respondent, v RICARDO CABA, Respondent. GENE C. FORCILIS, Proposed Respondent, and GEICO GENERAL INSURANCE COMPANY, Proposed Respondent-Appellant. [27 NYS3d 603]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, GEICO General Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Raf-

faele, J.), dated February 26, 2015, which, after a framed-issue hearing, granted the petition and permanently stayed arbitration.

Ordered that the order and judgment is affirmed, with costs.

Ricardo Caba (hereinafter the claimant) allegedly was injured when a vehicle he was driving came into contact with a Jaguar sedan at an intersection in Brooklyn. Although the Jaguar drove away from the scene, the claimant was able to record the license plate number and provided it to the police. The Jaguar was owned by Gene C. Forcilis and insured by the appellant, GEICO General Insurance Company (hereinafter GEICO). The claimant thereafter filed a claim against GEICO, and GEICO denied the claim, based on a written statement provided to it by Forcilis, wherein Forcilis denied that the Jaguar had been involved in the accident. The claimant then filed a claim against his own insurance carrier, the petitioner, American Transit Insurance Company, pursuant to the uninsured motorist endorsement of his policy, and subsequently filed a demand for arbitration. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 75 for a permanent stay of arbitration, on the ground that the Jaguar was insured by GEICO and, thus, the claimant had no valid claim under the uninsured motorist endorsement of his policy. After a framed-issue hearing, the Supreme Court granted the petition and permanently stayed arbitration. GEICO appeals.

" 'In reviewing a determination made after a hearing, the power of this Court is as broad as that of the hearing court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the hearing court had the advantage of seeing the witnesses and hearing the testimony' " (*Matter of Nationwide Mut. Ins. Co. v Joseph-Sanders*, 121 AD3d 1003, 1004 [2014], quoting *Matter of Progressive Specialty Ins. Co. v Lubeck*, 111 AD3d 947, 948 [2013]).

Here, contrary to GEICO's contention, the Supreme Court's determination that the claimant's vehicle was struck by a vehicle insured by GEICO is supported by the record and will not be disturbed on appeal. The petitioner submitted the police accident report prepared in connection with the subject accident and a New York registration search document, which identified the Jaguar as belonging to Forcilis and being insured by GEICO. Moreover, at the framed issue hearing to determine whether the Jaguar was involved in the accident, the claimant provided credible and unrebutted testimony that immediately after the collision, he followed the Jaguar, recorded its license

plate number, and then provided that information to the police officers who responded to the scene. The claimant further recalled the license plate number as being the same one set forth in the police report. Accordingly, the court properly granted the petition to permanently stay arbitration of the claimant's uninsured motorist claim.

GEICO's remaining contentions regarding the admissibility of the police accident report and the propriety of the manner in which that report was used to refresh the claimant's recollection, raised for the first time on appeal, are not properly before this Court (*see Robles v Brooklyn-Queens Nursing Home, Inc.*, 131 AD3d 1032, 1033 [2015]; *Fusco v City of New York*, 71 AD3d 1083, 1084 [2010]; *Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561, 562 [2007]; *Sarva v Chakravorty*, 34 AD3d 438, 439 [2006]). Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.