In the Matter of FIDUCIARY INSURANCE COMPANY OF AMERICA, Respondent, v RENNY GREENIDGE, Respondent, and STATE-WIDE INSURANCE COMPANY, Appellant. [48 NYS3d 219]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary uninsured motorist benefits, the appeal is from an order of the Supreme Court, Kings County (Sunshine, Ct. Atty. Ref.), dated November 17, 2014, which, after a framed-issue hearing, granted that branch of the petition which was to permanently stay arbitration.

Ordered that the order is reversed, on the law, with costs, that branch of the petition which was to permanently stay arbitration is denied, and the proceeding is dismissed.

The petitioner commenced this proceeding to stay arbitration of a claim for supplementary uninsured motorist benefits that was made by its insured, Renny Greenidge. Greenidge's claim arose out of an automobile accident that occurred when his vehicle was struck by another vehicle. The other vehicle (hereinafter the hit-and-run vehicle) did not stay at the scene of the accident. After a framed-issue hearing, the Supreme Court granted that branch of the petition which was to permanently stay arbitration. We reverse.

"An insurance carrier seeking to stay the arbitration of an uninsured motorist claim has the burden of establishing that the offending vehicle was insured at the time of the accident" (*Matter of American Home Assur. Co. v Wai Ip Wong*, 249 AD2d 301, 301 [1998]; *see Matter of Eagle Ins. Co. v Pusey*, 271 AD2d 445, 445-446 [2000]). "Once such a prima facie case of coverage is established, the burden shifts to the opposing party to come forward with evidence to the contrary" (*Matter of American Home Assur. Co. v Wai Ip Wong*, 249 AD2d at 301; *see Matter of Eagle Ins. Co. v Patrik*, 233 AD2d 327, 328 [1996]).

Here, the admissible evidence submitted by the petitioner at the framed-issue hearing failed to establish, prima facie, the existence of insurance coverage for the hit-and-run vehicle at the time of the subject accident (*see Matter of Eagle Ins. Co. v Pusey*, 271 AD2d at 445-446; *Matter of American Home Assur. Co. v Wai Ip Wong*, 249 AD2d 301 [1998]; *see also* 11 NYCRR 60-2.3; *cf. Matter of Liberty Mut. Ins. Co. v McDonald*, 6 AD3d 614, 615 [2004]). Accordingly, the Supreme Court should have denied that branch of the petition which was to permanently stay arbitration and dismissed the proceeding. Mastro, J.P., Austin, Miller and Maltese, JJ., concur.