Matter of Nationwide Ins. Co. v Aquilla (2020 NY Slip Op 04744)





Matter of Nationwide Ins. Co. v Aquilla


2020 NY Slip Op 04744


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-03329
 (Index No. 523676/17)

[*1]In the Matter of Nationwide Insurance Company, respondent, 
v
Olga Aquilla, appellant.


Harmon, Linder, Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Kevin J. Philbin, New York, NY (Mickei M. Milton of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Olga Aquilla appeals from an order of the Supreme Court, Kings County (Derefim Neckles, Ct. Atty. Ref.), dated January 30, 2019. The order, after a framed-issue hearing, in effect, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is affirmed, with costs.
The petitioner, Nationwide Insurance Company (hereinafter Nationwide), commenced this proceeding, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits on the ground that its insured, the respondent Olga Aquilla, failed to report the alleged hit-and-run accident within 24 hours or as soon as reasonably possible to a police officer, peace officer, or judicial officer, or to the Commissioner of Motor Vehicles, as required by the insurance policy. After a framed-issue hearing, the Supreme Court, in effect, granted that branch of the petition which was to permanently stay arbitration. Aquilla appeals.
" In reviewing a determination made after a hearing, the power of this Court is as broad as that of the hearing court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the hearing court had the advantage of seeing the witnesses and hearing the testimony'" (Matter of Nationwide Mut. Ins. Co. v Joseph-Sanders, 121 AD3d 1003, 1004, quoting Matter of Progressive Specialty Ins. Co. v Lubeck, 111 AD3d 947, 948).
Here, contrary to Aquilla's contention, the testimony presented at the framed-issue hearing did not support her claim that she orally reported the accident to a police officer on the evening of the accident. While an oral report to a police officer, if established by credible evidence, may satisfy the 24-hour reporting requirement under the terms of the policy notwithstanding the absence of a written police report (see Matter of Country Wide Ins. Co. [Russo], 201 AD2d 368, 370; Canty v Motor Veh. Acc. Indem. Corp., 95 AD2d 509, 510-512), here, Aquilla's unspecific and unsubstantiated testimony was insufficient to establish that any such oral report was made (see generally Matter of Nationwide Mut. Ins. Co. v Joseph-Sanders, 121 AD3d at 1004; Matter of Progressive Specialty Ins. Co. v Lubeck, 111 AD3d at 949; cf. Matter of American Tr. Ins. Co. v [*2]Caba, 137 AD3d 1018, 1019-1020).
Accordingly, we agree with the Supreme Court's determination, in effect, granting that branch of the petition which was to permanently stay arbitration.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court