Matter of State Farm Mut. Auto. Ins. Co. v Rodriguez (2021 NY Slip Op 03593)





Matter of State Farm Mut. Auto. Ins. Co. v Rodriguez


2021 NY Slip Op 03593


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-11900
 (Index No. 1521/15)

[*1]In the Matter of State Farm Mutual Automobile Insurance Company, petitioner-respondent,
v
Juan Rodriguez, respondent, All Team Concept, Inc., et al., additional respondents, Allstate Insurance Company, appellant.


Votto & Albee, PLLC, Staten Island, NY (Christopher Albee of counsel), for appellant.
James F. Butler and Associates, Jericho, NY (Martin Fallon & Mullé [Richard C. Mullé] of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the additional respondent Allstate Insurance Company appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated February 7, 2019. The order, after a framed-issue hearing, granted the amended petition to permanently stay arbitration.
ORDERED that the order is affirmed, with costs.
The petitioner, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), commenced this proceeding to permanently stay arbitration of a claim for uninsured motorist benefits that was made by its insured, the respondent Juan Rodriguez. Rodriguez's claim arose out of an accident that occurred when his bicycle was struck by a vehicle driven by proposed additional respondent Jian Zhong which was owned by and registered to proposed additional respondent All Team Concept, Inc. (hereinafter All Team). All Team's insurance policy had been canceled prior to the subject accident, and therefore the vehicle was not insured at the time of the accident. At the time of the accident, Rodriguez was a member of a household in which State Farm insured a vehicle, and Jian Zhong had a personal automobile insurance policy with proposed additional respondent Allstate Insurance Company (hereinafter Allstate). Rodriguez subsequently served a demand against State Farm for uninsured motorist benefits. State Farm thereafter filed a petition, and then an amended petition, to stay arbitration, alleging, inter alia, that the personal insurance policy issued by Allstate to Jian Zhong provided coverage for the loss, and that the vehicle operated by Jian Zhong was therefore not uninsured. After a framed-issue hearing, the Supreme Court granted the amended petition to permanently stay arbitration. Allstate appeals.
"An insurance carrier seeking to stay the arbitration of an uninsured motorist claim has the burden of establishing that the offending vehicle was insured at the time of the accident" (Matter of American Home Assur. Co. v Wai Ip Wong, 249 AD2d 301, 301; see Matter of Fiduciary Ins. Co. of Am. v Greenidge, 147 AD3d 1050, 1051; Matter of Eagle Ins. Co. v Pusey, 271 AD2d [*2]445, 445-446). Where, as here, a matter is determined after a hearing, this Court's power to review the evidence is as broad as that of the hearing court, taking into account in a close case the fact that the hearing court had the advantage of seeing the witnesses (see Matter of Nationwide Ins. Co. v Aquilla, 186 AD3d 830, 831; Matter of American Tr. Ins. Co. v Caba, 137 AD3d 1018, 1019; Matter of State Farm Mut. Auto. Ins. Co. v Watson, 128 AD3d 841). We decline to disturb the Supreme Court's determination, after the framed-issue hearing, that Jian Zhong has available insurance coverage with Allstate.
Accordingly, the Supreme Court properly granted the amended petition to permanently stay arbitration.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court