Matter of USAA Gen. Indem. Co. v McQueen (2022 NY Slip Op 04634)

Matter of USAA Gen. Indem. Co. v McQueen

2022 NY Slip Op 04634

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2019-12093
 (Index No. 719650/18)

[*1]In the Matter of USAA General Indemnity Company, petitioner-respondent,
v
Melvin McQueen, respondent-respondent, GEICO, et al., appellants.

Gail S. Lauzon (Sharon T. Feller and James G. Bilello, Hicksville, NY [Susan J. Mitola], of counsel), for appellants.
McDonnell Adels & Klestzick, PLLC, Garden City, NY (Michael J. Giordano of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, GEICO and Jerlena Palmer appeal from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered August 28, 2019. The judgment, after a framed-issue hearing, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the judgment is affirmed, with costs.
On April 6, 2018, nonparty Essence McQueen (hereinafter Essence) was driving her vehicle with her father, the respondent Melvin McQueen (hereinafter Melvin), in the back seat when her vehicle was struck in the rear by a hit-and-run driver. Essence followed the offending vehicle, called 911, and provided the police with the license plate number and a description of the vehicle.
Thereafter, Melvin filed a demand for arbitration of his claim for uninsured motorist benefits under a policy of insurance issued by the petitioner, USAA General Indemnity Company (hereinafter USAA), to Essence. The USAA policy provided benefits for damages arising out of an accident caused by an uninsured motor vehicle. USAA commenced this proceeding pursuant to CPLR 7503(c), among other things, to permanently stay the arbitration and to add GEICO and Jerlena Palmer as additional respondents. The parties stipulated to add GEICO and Palmer as additional respondents and to stay the arbitration pending the outcome of a framed-issue hearing to determine whether Palmer's vehicle was the offending vehicle involved in the subject accident.
After the framed-issue hearing, the Supreme Court determined that the offending vehicle was owned by Palmer and insured by GEICO at the time of the accident, and by judgment entered August 28, 2019, granted that branch of the petition which was to permanently stay arbitration. GEICO and Palmer appeal.
"An insurance carrier seeking to stay the arbitration of an uninsured motorist claim has the burden of establishing that the offending vehicle was insured at the time of the accident" [*2](Matter of American Home Assur. Co. v Wai Ip Wong, 249 AD2d 301, 301; see Matter of State Farm Mut. Auto. Ins. Co. v Rodriguez, 195 AD3d 727, 728; Matter of Fiduciary Ins. Co. of Am. v Greenidge, 147 AD3d 1050, 1051). "Once such a prima facie case of coverage is established, the burden shifts to the opposing party to come forward with evidence to the contrary" (Matter of American Home Assur. Co. v Wai Ip Wong, 249 AD2d at 301; see Matter of Fiduciary Ins. Co. of Am. v Greenidge, 147 AD3d at 1051). "Where, as here, a matter is determined after a hearing, this Court's power to review the evidence is as broad as that of the hearing court, taking into account in a close case the fact that the hearing court had the advantage of seeing the witnesses" (Matter of State Farm Mut. Auto. Ins. Co. v Rodriguez, 195 AD3d at 728; see Matter of Country-Wide Ins. Co. v Lobello, 186 AD3d 1213, 1215-1216; Matter of Progressive Specialty Ins. Co. v Lubeck, 111 AD3d 947, 948).
At the framed-issue hearing, Essence testified, among other things, to the license plate number she observed on the offending vehicle, as well as to the make and model of that vehicle. While testifying, Palmer confirmed that her vehicle was the same make and model as the offending vehicle, and that she lived in the vicinity of the accident. Palmer also identified a photograph that was admitted into evidence as her vehicle, which showed that the license plate number, insofar as it was visible in that photograph, corresponded to the same numbers and letters that were observed by Essence. Finally, Palmer also testified that her vehicle was insured by GEICO.
The Supreme Court properly determined, after the framed-issue hearing, that Palmer's vehicle was involved in the subject accident and that said vehicle was insured by GEICO at the time of the accident (cf. Matter of Phoenix Ins. Co. v Golanek, 50 AD3d 1148, 1151). Accordingly, the court properly granted that branch of the petition which was to permanently stay the arbitration.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court