Matter of Travelers Home & Mar. Ins. Co. v Miller (2023 NY Slip Op 05264)

Matter of Travelers Home & Mar. Ins. Co. v Miller

2023 NY Slip Op 05264

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-04538 
2021-04539
 (Index No. 511710/17)

[*1]In the Matter of Travelers Home and Marine Insurance Company, etc., petitioner-respondent,
v
Alfanso Miller, appellant; Zurich Insurance, etc., et al., additional respondents-respondents, et al, additional respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Paul H. Seidenstock and Brian J. Isaac], of counsel), for appellant.
Fleischner Potash, LLP, New York, NY (Jason S. Steinberg of counsel), for additional respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to stay arbitration of a claim for supplemental underinsured motorist benefits, Alfanso Miller appeals from (1) an amended order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 16, 2021, and (2) a judgment of the same court dated June 16, 2021. The judgment, upon a decision of the same court (Miriam P. Sunshine, Ct. Atty. Ref.) dated May 7, 2019, made after a framed-issue hearing, denied the petition to stay arbitration and dismissed the proceeding.
ORDERED that the appeal from the amended order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the additional respondents Zurich Insurance, Rental Insurance Services, Inc., Enterprise Rent A Car, Inc., ELRAC, LLC, and EAN Holdings, LLC.
The appeal from the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). In addition, the appeal from that amended order must be dismissed as abandoned since the appellant did not raise any argument in his brief with respect to his appeal from that amended order.
The petitioner Travelers Home and Marine Insurance Company (hereinafter Travelers) commenced this proceeding pursuant to CPLR 7503(b), among other things, to permanently stay an arbitration arising out of a motor vehicle accident in December 2014 between a vehicle driven by the respondent Alfanso Miller and insured by Travelers and a vehicle driven by the additional respondent Bernard Shirley, which was a rental vehicle owned by the additional [*2]respondent ELRAC, LLC, and registered to the additional respondent EAN Holdings, LLC (hereinafter together the rental companies). The petition alleged, among other things, that Miller filed a demand for arbitration of his claim for supplemental underinsured motorist benefits (hereinafter SUM insurance) under the insurance policy issued by Travelers and that a permanent stay of such arbitration was warranted on the ground, inter alia, that Miller had not yet exhausted the applicable liability coverage available to him, which was a condition precedent to triggering the SUM insurance endorsement of Travelers' policy. According to the petition, Shirley was insured by supplemental liability protection insurance (hereinafter SLP insurance), which the rental companies made available to their customers through the additional respondent Zurich Insurance (hereinafter Zurich), and thus Miller was required to pursue a claim for the SLP insurance through Zurich before seeking the SUM insurance available through Travelers' policy. Miller, in partial support of the petition, contended, inter alia, that the Supreme Court should grant the branch of the petition seeking to stay the arbitration on the ground that Shirley was covered by the SLP insurance on the date of the accident. Zurich opposed the petition, contending that the court should deny the petition and dismiss the proceeding on the ground that Shirley was not covered by the SLP insurance on the date of the accident.
In July and September 2018, the Supreme Court held a framed-issue hearing to determine whether, on the date of the accident, Shirley was covered by the SLP insurance through Zurich. After the framed-issued hearing, the court determined that Shirley was not covered by the SLP insurance on the date of the accident, and, by judgment dated June 16, 2021, denied the petition and dismissed the proceeding. Miller appeals.
"An insurance carrier seeking to stay the arbitration of an uninsured motorist claim has the burden of establishing that the offending vehicle was insured at the time of the accident" (Matter of American Home Assur. Co. v Wai Ip Wong, 249 AD2d 301, 301; see Matter of Eagle Ins. Co. v Pusey, 271 AD2d 445, 446). "Once such a prima facie case of coverage is established, the burden shifts to the opposing party to come forward with evidence to the contrary" (Matter of American Home Assur. Co. v Wai Ip Wong, 249 AD2d at 301; see Matter of Fiduciary Ins. Co. of Am. v Greenidge, 147 AD3d 1050, 1051). "Where, as here, a matter is determined after a hearing, this Court's power to review the evidence is as broad as that of the hearing court, taking into account in a close case the fact that the hearing court had the advantage of seeing the witnesses" (Matter of State Farm Mut. Auto. Ins. Co. v Rodriguez, 195 AD3d 727, 728).
Here, the Supreme Court properly determined, after the framed-issued hearing, that, on the day of the accident, Shirley was not an "insured" pursuant to Zurich's insurance policy with the rental companies (see Matter of Country-Wide Ins. Co. v Adams, 187 AD3d 1013, 1013; Matter of Fiduciary Ins. Co. of Am. v Greenidge, 147 AD3d at 1051). The evidence presented at the hearing demonstrated that, pursuant to Zurich's policy, an "insured" is a renter who paid for the optional SLP insurance. Although evidence was presented that Shirley had purchased the optional SLP insurance for December 5, 2014, through December 8, 2014, Shirley had not paid for SLP insurance that covered December 10, 2014, the date of the accident. Accordingly, the court properly denied the petition and dismissed the proceeding.
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court