■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE MELENDEZ, Appellant. [879 NYS2d 804]—Judgment, Supreme Court, Bronx County (Dineen Ann Riviezzo, J.), rendered on or about July 8, 2008, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Friedman, Catterson and Moskowitz, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO BOLAR, Appellant. [878 NYS2d 621]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered April 16, 2007, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior conviction was a violent felony, to a term of six years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's application, made for the first time on the day the trial was to begin, for an adjournment for the purpose of retaining new counsel, and there was no violation of defendant's right to retain counsel of his own choosing. Defendant, who had been represented by assigned counsel for several months without any indication of a problem with the representation, did not establish compelling circumstances warranting a delay (*see People v Arroyave*, 49 NY2d 264, 270-271 [1980]). The day of trial was the first occasion that defendant's family informed assigned counsel that it had decided to look for a private attorney. There is nothing in the record to indicate what efforts the family made to hire an attorney or whether they had the means to do so, and no evidence that any private attorney ever appeared or contacted the court (*see, People v O'Kane*, 55 AD3d 315 [2008], *lv denied* 11 NY3d 928 [2009]). We note that the following day, assigned counsel indicated that he and defendant had resolved any differences they might have had, and defendant concurred. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Renwick, JJ.