This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 178
The People &c.,
          Respondent,
        v.
Earl Jones,
          Appellant.



          Jody Ratner, for appellant.
          Jared Wolkowitz, for respondent.



MEMORANDUM:

          The order of the Appellate Division should be affirmed.

          A plainclothes police officer observed defendant, who was carrying a tile cutter and green duffle bag, pulling on the lock of a door to a construction site.  The officer decided to

- 1 -

follow defendant and observed him enter the open driver's side door of a FedEx delivery truck that was parked on the street. The officer saw defendant rummage through the front compartment of the truck and then walk around to the back, where packages were stored. The officer testified that, from his vantage point, he could see a portion of defendant's leg as he stood for a few seconds at the back of the truck. Just as the officer began to approach, defendant walked away. When the officer reached the back of the vehicle, an unidentified woman who was standing nearby asked: "Did you see he was trying to get into the back of the truck? Are you going to get him?" Soon thereafter, the officer observed defendant emerge from a building that was under construction a few blocks away. Defendant was still carrying the tile cutter and duffle bag when the officer confronted him and placed him under arrest.

Before trial, the prosecutor sought to admit the hearsay statement made by the unidentified woman as either an "excited utterance" or "present sense impression." Defense counsel opposed the motion, but Supreme Court ruled that the statement was admissible under either exception to the hearsay rule. The jury found defendant guilty of burglary in the third degree for unlawfully entering the FedEx truck with the intent to steal and criminal trespass in the third degree for unlawfully entering the building under construction. Defendant appealed, and the Appellate Division affirmed (127 AD3d 517 [1st Dept

2015]).

Defendant's principal argument on appeal is that the trial court erred in admitting the hearsay statement of the unidentified woman.  We hold that the statement was properly admitted as a present sense impression.  That exception to the hearsay rule allows the admission of "spontaneous descriptions of events made substantially contemporaneously with the observations . . . if the descriptions are sufficiently corroborated by other evidence" (People v Brown, 80 NY2d 729, 734 [1993]).  Here, the woman's statement was made to the officer immediately after the event she described and before she had an opportunity for studied reflection.  The officer's own observations sufficiently corroborated her description to allow its admission at trial (see id. at 736-737).

Because the woman's statement was admissible as a present sense impression, we need not address whether it was also admissible as an excited utterance.  Defendant's remaining challenge to the statement on Confrontation Clause grounds is unpreserved for our review, and his argument with respect to the legal sufficiency of the verdict lacks merit.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided November 21, 2016