People v Swift (2018 NY Slip Op 02914)





People v Swift


2018 NY Slip Op 02914


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, DEJOSEPH, AND WINSLOW, JJ.


24 KA 15-01822

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEWIS SWIFT, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered February 11, 2015. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that County Court erred in admitting in evidence certain text messages and a conversation between the victim and a witness. The witness testified that the victim had called and texted her, indicating in each communication that he thought defendant had set him up, and to look to defendant if anything happened to the victim. Contrary to the People's contention, we conclude that defendant preserved his contention for our review, and we agree with defendant that the text messages and testimony in question constituted hearsay (see generally People v Buie, 86 NY2d 501, 505 [1995]). Nevertheless, even assuming, arguendo, that the court erred in admitting the communications in evidence under the present sense impression and excited utterance exceptions to the hearsay rule (cf. People v Jones, 28 NY3d 1037, 1039 [2016]; People v Hernandez, 28 NY3d 1056, 1057 [2016]; People v Brown, 80 NY2d 729, 731-734 [1993]), we conclude that any such error is harmless (see Hernandez, 28 NY3d at 1058; People v Spencer, 96 AD3d 1552, 1553 [4th Dept 2012], lv denied 19 NY3d 1029 [2012], reconsideration denied 20 NY3d 989 [2012]).
Defendant contends that the evidence is legally insufficient to support his conviction of manslaughter because the People failed to establish, among other things, that he acted with the requisite intent to cause serious physical injury to another person, and that the victim's death from hypothermia was reasonably foreseeable. He further contends that the evidence is legally insufficient to support the conviction of the weapon charge because there is no evidence that he possessed a weapon. We conclude that defendant failed to preserve the majority of those contentions for our review inasmuch as his general motion for a trial order of dismissal was not " specifically directed' at" those alleged shortcomings in the evidence (People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the People with respect to defendant's preserved and unpreserved contentions (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see People v Pratcher, 134 AD3d 1522, 1524-1525 [4th Dept 2015], lv denied 27 NY3d 1154 [2016]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that the verdict convicting him of manslaughter is against the weight of the evidence because the victim's death from hypothermia was not a reasonably foreseeable result of the beating that he received, and thus defendant should not be held responsible for the victim's death. That contention is unavailing. With respect to an allegedly intervening cause of death, "[i]t is only where the death is solely attributable to the secondary [*2]agency, and not at all induced by the primary one, that its intervention constitutes a defense" (People v Kane, 213 NY 260, 270 [1915]; see People v Griffin, 80 NY2d 723, 726-727 [1993], cert denied 510 US 821 [1993]; see generally People v Davis, 28 NY3d 294, 301-302 [2016]). Here, the victim's injuries left him unable to see because both of his eyes were swollen shut and one was ruptured, he was confused and likely concussed due to head trauma, and he sustained several broken facial and skull bones. The jury could have concluded that defendant ordered the codefendants to attack the victim, that he took part in the ensuing assault, and that he and the codefendants removed most of the victim's clothing and left him outside while the temperature was below 40 degrees. Thus, "defendant may not avoid responsibility by arguing that other causes contributed since his acts [and those of the codefendants that he requested] were also factors in the victim's demise" (People v Cicchetti, 44 NY2d 803, 804 [1978]; see People v Kibbe, 35 NY2d 407, 413 [1974], rearg denied 37 NY2d 741 [1975]). Consequently, we conclude that the verdict is not against the weight of the evidence, both with respect to that contention and defendant's remaining contentions concerning the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Finally, the sentence is not unduly harsh or severe.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court