People v Ceballos (2018 NY Slip Op 08569)





People v Ceballos


2018 NY Slip Op 08569


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Richter, J.P., Manzanet-Daniels, Tom, Webber, Gesmer, JJ.


7896 2386/15

[*1]The People of the State of New York, Respondent,
v
Hector Ceballos, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Christina Wong of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham Clott, J.), rendered January 6, 2016, convicting defendant, after a jury trial, of grand larceny in the fourth degree (three counts) and theft of services, and sentencing him, as a second felony offender, to an aggregate term of 1½ to 3 years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's request to substitute retained counsel as the trial was about to begin (see People v O'Daniel, 24 NY3d 134, 138 [2014]; People v Arroyave, 49 NY2d 264, 270 [1980]). "Defendant, who had been represented by assigned counsel for several months without any indication of a problem with the representation, did not establish compelling circumstances to warrant a delay" (People v Bolar, 62 AD3d 537, 537 [1st Dept 2009], lv denied 12 NY3d 923). Although defendant claimed his family was in the process of hiring private counsel, there was no indication that the unnamed attorney, who did not appear, would be ready to try the case without undue delay. Furthermore, defendant's conclusory remarks that he lacked confidence in his assigned counsel did not constitute compelling circumstances, and the record fails to support defendant's assertion on appeal that counsel's performance in plea negotiations was "apparently" deficient.
Defendant's legal sufficiency claim relating to the larceny convictions is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence established the required exercise of dominion and control by defendant over the victim's property (see People v Olivo, 52 NY2d 309, 317 n6 [1981]; People v Alamo, 34 NY2d 453, 457 [1974]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK