People v Thomas (2019 NY Slip Op 05874)





People v Thomas


2019 NY Slip Op 05874


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


427 KA 18-02153

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BILL A. THOMAS, DEFENDANT-APPELLANT. 






LAW OFFICE OF MAURICE J. VERRILLO, P.C., ROCHESTER (MAURICE J. VERRILLO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered July 13, 2017. The judgment convicted defendant, upon a jury verdict, of menacing a police officer or peace officer and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of menacing a police officer or peace officer (Penal Law § 120.18) and criminal possession of a weapon in the third degree (§ 265.02 [1]). The evidence at trial established that a police officer was dispatched, in response to a 911 call, to respond to a verbal altercation between defendant and his brother. As defendant's brother allowed the officer to enter the residence, the brother turned to defendant and said, "the police are here to talk to you." At that point, defendant approached the officer from 10 to 15 feet away "in a very fast, quick manner" while holding a kitchen knife with an eight-inch blade in his hand, and defendant ignored the command of the officer to drop the knife. Given the proximity of the knife-bearing defendant, the officer decided to retreat from the residence with defendant's brother instead of attempting to engage defendant. After the officer and the brother exited, defendant slammed the door and locked the deadbolt. Outside, immediately after the incident, the officer asked the brother whether anyone else was still in the house, and the brother replied that his mother was in her bedroom. The officer directed the brother to telephone the mother to tell her to lock her door. The brother did so, telling the mother over the telephone, "[defendant] came at us with a knife; lock your door." Law enforcement personnel eventually regained access to the residence and arrested defendant.
We reject defendant's contention that the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the third degree. Contrary to defendant's contention, "the fact that the knife held by defendant during the incident was not recovered does not render the evidence legally insufficient" (People v Cohens, 81 AD3d 1442, 1444 [4th Dept 2011], lv denied 16 NY3d 894 [2011]). Furthermore, defendant's intent to use the knife unlawfully can be inferred from his disobedience of the officer's order to drop the knife and his approach of the officer with the knife "in a very fast, quick manner" (see generally People v Burkett, 101 AD3d 1468, 1469 [3d Dept 2012], lv denied 20 NY3d 1096 [2013]). Defendant also challenges the conviction of menacing a police officer or peace officer on the ground that there is legally insufficient evidence to establish that he "knew or reasonably should have known that [the] victim was a police officer" (Penal Law § 120.18). That challenge is without merit. There is a valid line of reasoning and permissible inferences from which a rational jury could have found that element of the crime proved beyond a reasonable doubt (see People v Bleakley, 69 NY2d 490, 495 [1987]), including evidence that defendant's brother announced the arrival of the officer to defendant, that the officer was in uniform, that at least half of the officer's body and uniform in the doorway was visible to defendant, and that the officer commanded defendant to drop the knife while simultaneously drawing his service firearm. Defendant's remaining [*2]challenges to the legal sufficiency of the evidence have not been preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's contention, County Court properly determined that the testimony from the police officer that defendant's brother said to defendant, "the police are here to talk to you," was not inadmissible hearsay inasmuch as it was not offered for the truth of its content (see generally People v Davis, 58 NY2d 1102, 1103 [1983]). Rather, the statement was "offered as the basis of an inference for another relevant fact' " (People v Howard, 261 AD2d 841, 841 [4th Dept 1999], lv denied 93 NY2d 1020 [1999]; see People v Mallo, 165 AD3d 495, 496 [1st Dept 2018], lv denied 32 NY3d 1175 [2019]), i.e., that defendant was aware of the police officer's presence (see generally Penal Law § 120.18). Contrary to defendant's further contention, the court likewise properly determined that the police officer's testimony that defendant's brother said that "[defendant] came at us with a knife" was admissible in evidence under the present sense impression exception to the rule against hearsay (see generally People v Vasquez, 88 NY2d 561, 574 [1996]). That statement was made by defendant's brother "immediately after the event" it describes (People v Jones, 28 NY3d 1037, 1039 [2016]), and it had the requisite "corroboration to bolster . . . assurances of [its] reliability" (Vasquez, 88 NY2d at 574). Defendant's contention that the court admitted the two disputed statements in evidence in violation of his constitutional rights to confront his accusers is raised for the first time on appeal, and thus it is not properly before us (see People v Woods, 202 AD2d 1043, 1043 [4th Dept 1994]; see also People v Kello, 96 NY2d 740, 743 [2001]; People v Vaughn, 48 AD3d 1069, 1069-1070 [4th Dept 2008], lv denied 10 NY3d 845 [2008], cert denied 555 US 910 [2008]).
Finally, defendant contends that he was not afforded effective assistance of counsel. Defendant has failed, however, to demonstrate the absence of strategic or other legitimate explanations for his counsel's alleged deficiencies (see People v Caban, 5 NY3d 143, 154 [2005]). In any event, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court