People v Miller (2024 NY Slip Op 01766)

People v Miller

2024 NY Slip Op 01766

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Ind. No. 5162/15 Appeal No. 1942 Case No. 2017-03456 

[*1]The People of the State of New York, Respondent,
v
Eugene Miller, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 13, 2017, as amended July 21, 2017, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him, as a second felony offender, to a term of 25 years to life, unanimously affirmed.
The court providently exercised its discretion in denying defendant's application for new counsel. Where a defendant makes a seemingly serious request for reassignment of counsel, the court must make at least a "minimal inquiry" as to "the nature of the disagreement or its potential for resolution" (People v Porto, 16 NY3d 93, 100 [2010], quoting People v Sides, 75 NY2d 822, 825 [1990]). Here, the court allowed defendant to voice his concerns about defense counsel, and thereby satisfied its obligation to make a minimal inquiry (see People v Nelson, 7 NY3d 883, 884 [2006]). Defendant's complaint that his counsel "need[ed] to come see me" was inadequate to suggest "good cause for a substitution, such as a genuine conflict of interest or another irreconcilable conflict with counsel" (People v Washington, 25 NY3d 1091, 1095 [2015] [internal quotation marks omitted]). Further, defendant sought new counsel for the first time just moments before the suppression hearing was about to commence yet failed to suggest any "exigent or compelling circumstances" that would have warranted a delay (People v Arroyave, 49 NY2d 264, 271 [1980]). Notably, although counsel had been representing defendant for nearly a year and a half, defendant had never complained about counsel's performance during that time (see People v Bolar, 62 AD3d 537 [1st Dept 2009], lv denied 12 NY3d 923 [2009]).
Defendant has not preserved most of his challenges to the admission of out-of-court statements as Molineux evidence, as he objected on hearsay grounds only as to three out-of-court statements by the victim. We decline to review his claims in the interest of justice. As an alternative holding, we reject them on the merits.
Defendant's statements in which he expressed his intent to kill the victim if she ended their relationship were admissible as admissions by a party-opponent (see People v Chico, 90 NY2d 585, 589 [1997]). Statements by the victim in defendant's presence were properly admitted to show the state of mind of the victim and of defendant, as the statements were not admitted for their truth (see People v Covlin, 205 AD3d 578, 579 [1st Dept 2022], lv denied 38 NY3d 1149 [2022]). The victim's statements regarding ending her relationship with defendant were relevant to defendant's motive to kill her, as were her text messages t0 defendant. Since the texts were sent to defendant's phone, it was reasonable to infer that he was aware of the messages (see id.). The victim's phone conversation with her sister in which she described defendant stalking her constituted a present sense impression, as she described the event as it was occurring (see People v Jones, 28 NY3d 1037, 1039 [2016]). While some [*2]of the victim's statements were made outside defendant's presence, and thus were not admissible to show her state of mind, any error in admitting those statements was harmless in light of the overwhelming evidence of defendant's guilt (see People v Brooks, 31 NY3d 939, 942 [2018]; People v Crimmins, 36 NY2d 230, 242 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024